## GENERAL COURT, MAY TERM, 1798.

### MACKUBIN *vs.* WHETCROFT.

THIS was an action of *debt* by a *devisee*, for rent due on a lease, against a surviving lessee. [See the form of the declaration in 1 *Harris's Entries*, 611.] The demise is stated to have been made on the 3d of June 1774, by *Richard Mackubin*, (the lessor and devisor,) in his lifetime, to *James Higginson*, (deceased) in his life-time, and the present defendant, of a lot of ground in the city of Annapolis, for the term of 99 years, renewable forever, at the yearly rent of 45*l.* payable on the 11th of July in each year. That the lessor and devisor made his will, and died in 1778; that 315*l.* was in arrear, be-

*(a)* Notes of the arguments of these gentlemen in the court of appeals, have not been obtained.

---

*Margin note:*

MAY 1798.

Ridgely's lessee
vs
Ogle & Leonard.

MAY 1798.

Mackubin
vs.
Whetcroft.

ing the rent due for seven years from the 11th of July 1787, to the 11th of July 1794. The lease contained a covenant to pay the rent; and if the rent of any year should remain due and not paid by the space of ten days after the time it should be paid, it should be lawful for the lessor, his heirs, &c. to distrain for the rent in arrear; or if not paid by the space of thirty days after the time the same should have become due, that then and at all times thereafter, it should be lawful for the said lessor, his heirs, &c. into the said demised premises, or into any part thereof, in the name of the whole, to re-enter, and the same to have again, and repossess and enjoy, &c.

The defendant pleaded the following pleas, to wit:

FIRST PLEA, *Actio non* "Because he saith, that the sum of 45*l.* for one year's rent of the said demised premises, becoming due, in and by the said indenture, upon the 11th day of July in the year 1793, and then remaining due and unpaid to the said E. by the space of 30 days, she the said E. in and by virtue of the power to her reserved in and by the said indenture, did upon the 1st day of November in the year 1793, at the county aforesaid, re-enter in and upon the said demised premises in the said indenture mentioned, and the same had and repossessed, as of the former estate of him the said R. M. and him the said W. thereout and from thence did expel and put away; and this," &c.

SECOND PLEA.—"For further plea as to such part of the said rents in the said declaration, as are in the said declaration stated to have become due after the 11th day of July 1793" *(actio non)* "because he the said W. saith, that the sum of 45*l.* for one year's rent of the said demised premises, which became due, and was owing from him the said W. in and by the said indenture, upon the 11th day of July 1793, was upon the 1st day of November 1793, at the county aforesaid, then and there remaining due and unpaid to her the said E. as aforesaid, she the said E. upon the day and year last aforesaid, at the county aforesaid, by virtue of the power to her reserved in and by the said indenture, did re-enter in and upon the said demised premises in the said indenture mentioned, and the same had and repossessed as of the former estate of him the said R. M. and him the said W. thereout and from thence did expel and put away; and this," &c.—[*See* 2 *Har. Ent.* 460.]

The defendant also pleaded *nil debit,* but that plea was afterwards withdrawn. To the other pleas the plaintiff *demurred,* and the defendant joined in demurrers.

*Key, Shaaff,* and *Johnson,* for the plaintiff. To show, that a devisee of the reversion can support an action of

debt upon a lease against the surviving lessee, for rent which became due after the death of the testator, cited 2 *Bac. Abr.* 17. 1 *Roll. Ab.* 598. 3 *Com. Dig.* 368, 370.

They stated that this was an action of debt by a devisee against a surviving lessee, for rent due on a lease for a lot of ground, at the yearly rent of 45*l.* payable on the 11th of July yearly; and that the rent claimed as due was from the 11th of July 1787, to the 11th of July 1794. That there was a covenant in the lease to pay the rent, and a clause of re-entry in case of non-payment in 30 days after the rent became due—to which the defendant pleaded two pleas—

*First.*—As to 45*l.* due on the 11th of July 1793, an entry and expulsion; and

*Secondly.*—An entry and expulsion as to the rent which became due subsequent to the 11th of July 1793.

The *first plea*, they contended, not answering every part of the declaration, was bad; that a plea, which was only to part of the demand, if pleaded to the whole, was bad.—*Esp.* 147. 1 *Salk.* 179, 180. 2 *Stra.* 302.

An entry and expulsion are a bar to the rent which would afterwards become due, but cannot defeat the claim of the lessor to the rent which became due previous to the entry and eviction. To show that an entry for non-payment of rent would not defeat the lessor's claim to rent due anterior to the time of entry, and that the lessee was discharged from the rent from the time of the eviction, but not as to rent due before the entry, they cited 3 *Co.* 23, *Walker's case.* 18 *Viner's Abr. tit. Rent.* 503. 4 *Bac. Abr.* 366.

The rent due is for the use of the land, and the enjoyment of the land is the consideration of the rent.—*Co. Lit.* 201, 206. Rent is the retribution for the use and the enjoyment of the land demised.—*Gilb. on Rents,* 145.

They also contended, that the *second plea* was defective in not stating a *demand* of the rent. That the plea should set forth all the facts necessary to show that the lessor had a right to re-enter for the non-payment of the rent; that a demand of the rent is necessary before an entry can be made for non-payment of rent, (*Co. Lit.* 201. *Gilb. on Rents,* 140, 141, 142;) and that it should be so stated in the plea—*Gilb. on Rents,* 87. 2 *Mod.* 264. 1 *Vin. Ab.* 524. *Rastal's Entries,* 183. That where there is a condition in the lease, that on the non-payment of the rent the lease shall be void, the rent must be demanded before the condition can be broken—5 *Co.* 56. 6 *Com. Dig.* 219, *tit. Rent.*

*Martin,* (Attorney General,) for the defendant. The action of debt by a devisee against the lessee, for rent, is founded on the lease, and an entry by the lessor

May 1798.
Mackubin
vs.
Whetcroft.

as a *tort feasor* will suspend or extinguish all future rent; and the rent is equally suspended whether the entry was rightfully or wrongfully made.

He admits that the lessor must demand the rent before a re-entry can be made in order to defeat the estate of the lessee; but contends that the case is different where the entry of the lessee is to avoid the lease. The *second plea* is good to a common intent; for it states an entry by virtue of the lease. The law will not presume the entry to be tortious unless it is alleged to be so. If the plaintiff had replied that an entry had been made without a previous demand, the defendant would have demurred.

The case cited from *Viner*, 524, was on a covenant for quiet enjoyment, and the entry alleged to be tortious. The defendant (the lessor) must show every thing necessary to make the entry lawful—*Rastal's Entries.* The clause of re-entry in the lease is for the benefit of the lessor, *Gilb.* 87; and the entry is admitted to be in virtue of the lease, which by necessary intendment admits a demand.

The precedents of pleading, which have been referred to, are in the cases of persons justifying wrongs—*Vin. Ab.* 524. *Rastal* 183. 2 *Mod.* 264. To explain 2 *Mod.* 264, he cites *Gilb.* 87.

In the case of a lease to be void for non-payment of rent, a demand is necessary, because the rent is not due until demanded—*Freem.* 242.

The *first plea* is good to bar the plaintiff of rent due before the re-entry.

Wherever a person has two remedies, and elects one of them, he shall not have another—2 *Com. Dig.* 639. Debt does not lie upon a judgment, after execution by *elegit*, or otherwise—2 *Com. Dig.* 635.

Debt does not lie on a judgment, &c. when the plaintiff has chosen another remedy—*Com. Dig. til. Debt, (B.)* 4 *Burr.* 2482.

If the plaintiff brings an action of debt he cannot re-enter, &c.—2 *Com. Dig.* 470.

One mode of re-entry is to enter and defeat the estate and lease; a second mode is to enter and hold the land until the rents are paid; and a third is to enter and hold the land and receive the rents out of the profits.

By the first, all privity of estate is destroyed, and it defeats all contracts and incumbrances. If the lessor enters, and has the power to hold until the rents are paid, he cannot bring debt for arrears—*Co. Lit.* 203.

He contends that the devisee cannot support this action; that the action of debt on a lease for rent is founded on the privity of contract—3 *Co.* 23. *b.* An action

MAY 1798.

Mackubin
vs.
Whetcroft.

of debt for rent in arrear, can only be supported on the privity of contract or privity of estate. The estate is determined by the entry of the lessor. Between the lessee and the lessor only, there is privity of contract in an action of debt for rent; but there is no privity of contract between the devisee and the lessee. While the privity of estate subsisted, an action might be supported by the devisee; but the privity of estate ceased upon the entry. The plaintiff has neither privity of estate nor privity of contract.

Rents accruing on a freehold estate cannot be recovered in an action until the freehold is determined. In all those cases where an action is brought, nothing is alleged but an entry to defeat the freehold, without saying any thing about a demand.

An entry is a satisfaction of all antecedent rent which was due; there must be a recovery of prior rents before a re-entry, or the party cannot recover them at all.

There are three provisions for a re-entry—

*First.*—If the lessor, for *non payment of rent, re-enters on the land, defeats the lease, and hold the same as of his former estate, he is not entitled to the arrearages of rent,* nor has he *remedy to recover the same.*

*Second.*—By the *ancient law,* the condition of re-entry, which defeated the estate, and enabled the lessor to hold the lands in his former estate, was the *remedy* of the lessor to compel the payment, or obtain satisfaction for the non-payment, and is yet a *remedy* allowable at law where the party provides it by deed.

A *nomine pœnæ* is not a *remedy* for the recovery, but a penalty to oblige payment—4 *Bac. Ab.* 361, 363. *Gilb. on Rents,* 135, 140. In case of a *nomine pœnæ,* the lessor is entitled to the rent, and also to the *nomine pœnæ;* this is admitted.

*Third.*—By the *ancient law,* the exercise *of this remedy* was by entering into the land, and defeating the lease. The *satisfaction for rents,* which had accrued, was the *re-enjoyment of the property freed from the lease.*

*Fourth.*—Where this *remedy* is now provided for by the party, the *entering and defeating the lease* is the *exercise of the remedy;* and the re-enjoyment of the property freed from the lease, as under the ancient law, *so now,* is considered *a satisfaction* for the rent in arrear. If the lessor suffers the rents to accumulate, it is his neglect. If he re-enters when the re-enjoyment of his property would not be an equivalent for the arrears, it is his folly; he might have pursued some other remedy.

My first position, (he said) is uncontradicted by any adjudication, by any *dictum* of any judge, commentator or abridger, which has yet been produced.

*First.*—In 3 *Co.* 23, *b.* it is said, that " it was agreed that if the lessor enters for condition broken, the estate and term is determined, and yet the lessor shall have an action of debt for the arrearages due before the condition broken, and that in respect of the contract."

Where the entry is for the non-performance *of any other condition,* but the non-payment of rent, it is indisputably true, as a general position it is certainly the law; but few general positions are without their exceptions. The judges have not said that if the lessor *enters for non-payment of rent and defeat the estate, and hold the land as of his former estate, that in such case* he should have action of debt, &c. Again, the judges are only considering what remedy, when the estate is defeated, may be had by the lessor for rents, *to which he is entitled;* but they have not suggested that in a case, to which my first position applies, the lessor is entitled to the arrearages. The plaintiff's counsel are therefore obliged, in the first place, *to take for granted* the *very point in controversy,* to wit, the lessor's rights, after such re-entry, to the antecedent rents, *before* they can make Lord *Coke* an authority in their favour; and yet they produce him as an authority to *establish* the *very point itself.*

*Secondly.* Nothing is said by *Fitzherbert* in his *Natura Brevium,* 277, of a re-entry *which defeats the lease and revests the estate in the lessor.* He says nothing of the lessor having a right to have the *rent* for which he re-entered, and yet to continue to *hold and enjoy the land.* On the slightest consideration of the case, and the authorities to which he refers, it is clear to demonstration, that he alludes *only* to the case where an authority is reserved to re-enter and hold the property until the arrears and damages are paid. *Fitzherbert* is speaking of "a lease for years." The only decision where the entry was on land for years, is the 30 *Edw. III.* 7.

*Thirdly.* The case in 30 *Edw. III.* 7, (a) I have translated, and pledge myself for the correctness of the

(a) In the case of 30 *Edward III.* c. 7, in a writ of debt the plaintiff declared that he leased to the defendant certain lands for the term of ten years, rendering to him 10*l.* per year, at certain days, at which days, &c. Whereupon the defendant challenged the writ, for this reason, that he might levy the rent, (that is by distress) as the term in the land did yet endure, *et non allocatur.* And thereupon the defendant then said, that the land was leased to him for the term of ten years, rendering 10*l.* per year by a deed, which he puts before them; which deed shewed, that if the rent was in arrear for one entire year, the plaintiff might enter and retain until satisfaction was made to him for the arrears and damages; and said that he did enter and hold the same land, so by his entry the arrears are extinguished; and prayed judgment because the entry was a punishment for non-payment, and a man should not be punished twice for one and the same thing. And the plaintiff demanded judgment, since the *deed* says, that if the rent

translation, and believe it as faithfully expresses the meaning as if it had been done by *Fitzherbert* or *Coke.* The power there given by the lease, was only to *enter and hold until the lessor should pay the rent in arrear and damages.* This condition or power is not a remedy, it is merely a provision of the party in the nature of *nomine pœnæ;* the receiving of which in no respect lessens the right of the lessor to his rent, or prevents him of his remedy by action of debt to recover it. This case authorises *every expression* used by *Fitzherbert,* taken *literally,* but will not authorise the *extent* in which those expressions must be taken to benefit the plaintiff—for the lessor there did enter for arrears, and "yet had an action of debt for the rent for which he re-entered, and in the writ did recover the rent for which he re-entered"— but the *condition* of re-entry was not such as is considered in law a *remedy,* but was only a *nomine pœnæ;* it did not *defeat* the lease—it did not *reinvest the lessor as of his former estate*—it did not authorise his holding the lands a moment longer than till the rent and damages were paid. This case therefore does not justify the recovering of antecedent rents after an entry which defeats the lease, and reinvests the lessor with the land as of his former estate; nor does it justify the recovering arrears of rent, and still continuing to hold and enjoy the land as of the lessor's former estate; on the contrary, the moment the lessee paid the rents and damages, he was entitled to enter upon the lands, and enjoy the benefit of his lease.

I acknowledge the general accuracy of *Fitzherbert;* but he does not support the plaintiff's case, except by inference, which her counsel would draw from the generality of the expressions, but which are not warranted by adjudications or legal principles. I cannot acknowledge *Fitzherbert,* or any other law writer, to be authority, except so far as they are supported by legal decisions, or the necessary reasons and inferences flowing from such decisions, much less when they are not so founded, but contrary thereto.

*Fourthly.*—It is said in 18 *Viner,* 503, that, "when a man re-enters for non-payment of rent by *condition upon*

MAY 1798.

Mackubin
vs.
Whetcroft.

be in arrear the lessor may enter and hold until, &c. which entry can be for no other purpose, but to hasten the payment. Judge *Green* —It is not reasonable that when he enters for your default of payment that you should have the profits of the land before the entry. Wherefore have you any thing else to say? He answered he had not. Whereupon it was agreed, that the plaintiff should recover his debt, and damages taxed by the court to seven marks, &c.

*Note.* In this case the defendant pleaded a similar plea to the plea. pleaded in the present case; a demand was as necessary before entry could be made in the one case as in the other; but the entry is merely alleged without stating the demand.

*a lease for years*, he shall have the land and the arrears of the rent also, viz. the arrears then due." In 6 *Henry VII. ch.* 3, on which the abridgment is grounded, it is thus expressed, "and also *Fairfax* said for law in the same case, if he enters by default of payment he shall have the land and the rent which was due." That this is only the mere unsupported *dictum* of one judge, and that in a case which does not appear to have been judicially before him, is certain, and entitles it to little respect, even if it was full and conclusive for the plaintiff, which however it is not. Both authorities leave us in the dark as to the nature of the condition; whether the condition was to enter to hold until the rent was paid, or for a longer time; or how long he should have the land—whether only until the rents due were paid, or for a longer time? It does not amount to an authority, that where the entry *defeats the lease altogether, and the lessor holds as of his former estate,* that then he should *have and enjoy the lands as of his former estate,* and yet *after his entry recover the rents due.* From comparing *Viner* and 6 *Henry VII. c.* 3, it appears, the case was of *a lease for years,* so *Viner* states it, and I doubt not *Fairfax* spoke upon the authority of the case before determined in 30 *Edward III. c.* 7, (the *only* case we find adjudged on *a lease for years,*) and alluded to that case where the lessor did enter on *the lands,* and yet *had the rents due* and recovered them, *notwithstanding he had the land,* but the entry was *not such as defeated the lease,* nor did the lessor *continue to have the lands* after the rents due, and the damages were paid.

*Fifthly.*—I lay down this position also, that by the authorities, as far as they have been cited, it appears that my *first position* was considered the law in the time of the *Edwards* and *Henries,* and yet is so considered.

In examining the authorities referred to in the year books, we find the defendant's counsel ever denying that the lessor could have the arrears, and yet defeat the lease and have the lands as of his former estate; and we find no judgment but what is consistent with that position; for 30 *Edward III. c.* 7, as I have before shewn, was an entry which did not defeat the lease, nor prohibit the recovery of the rents; and the case of 18 *Edward III. c.* 9, *(a)* which I also have translated for the court,

*(a)* The case of 18 *Edward III. c.* 9. *Seton* for plaintiff—The *deed* shews, (or wills,) that we shall *destrain* and *detain the distress* as *forfeited* by non-payment, and moreover, that we shall have power to enter into the land, so that by non-payment we are entitled in effect to have *the value of the rent, and moreover the land,* and we have said that you have eloigned the distress, for which reason we have demanded judgment and yet do demand it.

and which *is the only case* in which judgment was given *for the plaintiff*, is determined upon an *admission* of the general principle, but is distinguished from the general principle by express words in the deed, which provided that the lessor was to compel payment of the arrearages, and yet for the default of payment at the time when they ought to have been paid, to enter, *defeat* the lease, and re-have the land as of his former estate. The plaintiff's counsel there *relies on the provisions in the deed;* he says, "*the deed shews* that we shall *distrain* and *detain the distress as forfeited* for non-payment, and that we shall *nevertheless enter into the land,* so that by non-payment we are in effect entitled to have the *value of the rent and land nevertheless.*" When the defendant, on the contrary, insists, "that the *entry* in the land is given *in lieu of the rent,* and that the plaintiff could not be entitled to both." *Hill,* either one of the judges, or one of the plaintiff's counsel, without controverting the general position, replies, "*such is your deed;*" and *Stone,* in giving the judgment, rests it on the particular circumstances of the case, "in the case in which you are," that is, in this particular case, by reason of the express provision of the parties, "he has the land by his entry instead of rents in future, and not for those in arrear." So in 17 *Edw. III. ch.* 48, where after an entry which defeated the case, action was brought to recover rents in arrear, the same objection being made by the defendant, *Stone,*

*R. Th.* for the defendant—The rent was freehold, which ceased by the entry, and this was the default of him who entered, for he might have had assize, and if he might recover the arrears then would he enjoy the entire rent, and also would have the land, which ought not to be, for the entry into the land is given in *lieu of the rent,* so that he shall not have both.

*Hill,* [one of the judges,] *Such is your deed.*

*R. Th.* [for defendant]—*Where is the deed?*

*Seton* [for plaintiff]—The deed as is proved, has been formerly shewn forth, which deed is known [that is, to the court under the former profert,] so that there is no necessity it should now be shewn, for this is not like the case of debt arising on an obligation, which obligation shall by the court be demanded if the plaintiff recovers; for this debt is founded upon a contract on a lease of land, so that the specialty is shewn only in testimony of the contract which is now known, for which reason there is no necessity that it should be now shewn.

*R. Th.* [for defendant]—Then let us take the record, &c. [then follows an altercation between the counsel, which is immaterial, until towards the conclusion.] *Stone* [the judge, addresses the defendant's counsel as follows]—Notwithstanding all you have said, you have said nothing that extinguishes the debt.

*R. Th.* replies—If I give land in such manner, that if the rent should be in arrear on condition the tenant should pay me 20*l.* the rent is arrear, the tenant pays me 20*l.* afterwards—shall I afterwards have arrear? *Stone.* [Judge]—*In the case in which you are,* he had the lands by his entry instead of rents which might be in future, and not for those in arrear; wherefore let him recover his debt, &c.

the judge, says, "you see well how the *deed* declares (or wills,) that if the rent should be in arrear for a quarter of a year, that it should be lawful for the prior to *destrain and the distress to hold as a forfeit,* and *notwithstanding to enter into the land,* so that by *his own deed the advantage* is given him to have the *arrears,* or in *lieu thereof the distress,* together with an entry into the land." In this case no judgment was given; but I will readily admit the plaintiff was entitled to judgment, "by the provisions in his own deed," and the court call it an *advantage* given by *his deed.*

The case of 18 *Edward III. c.* 9, and the case of 17 *Edward III. c.* 48, were each of them cases where the entry had *defeated the estate, and nullified the lease;* for the book shews, that in each case the lease was for life; and it is admitted, and so the law indisputably is, that no action of debt will lie for rents reserved on a life estate until the life estate is defeated.

If then the *principle* had not been *well known* to the lawyers and judges, that an *entry* which *defeats* the *estate,* was in *lieu* of arrears, and that after *such entry* arrears could not be recovered, how comes it we find the defendants always alleging this principle, and the plaintiffs or the judges never denying it, but the decisions consistent with it? For in 30 *Edward III. c.* 7, where the plaintiff recovered, the entry only entitled him to hold till rent was paid, *and did not defeat the lease:* And in 18 *Edward III. c.* 9, where the plaintiff recovered, and in 17 *Edward III. c.* 48, where he certainly was entitled to recover, *though the entry defeated the lease,* yet there were *express provisions* in the lease which entitled them to the rents also, and it was on those express provisions judgment was given. If it was a general principle, as the plaintiff's counsel contends, that *after an entry which defeated the estate,* debt could be brought *for the arrears,* nay *if the contrary had not* been *a well known* principle, how ridiculous in these cases would have been the plaintiff's counsel to ground their claim on the *express provision* made *in the deed;* and how absurd the judges to make that the ground of their decision, when it was totally immaterial what were those provisions; and the judgment must have been the same had there been no such provisions in the deed.—Add to this, that we find in 19 *Henry VI. c.* 42, *Tulthorp,* one of the judges, in the argument of a case under their consideration, of something of a similar nature, after shewing where *a lease for life* is determined by *act of God* or *of the laws,* an action may be brought for rent which might be in arrear, observing as follows: "But no one shall have an advantage by his own act; as if I lease land to a man for the term of life, ren-

dering certain rent, and for default of payment a re-entry, and I enter on account of rent being in arrear at the time, I shall not afterwards have a writ of debt, because it would be entirely my own folly," literally "my own right folly that I should enter, which is my act." And this, he there utters, as being the well known law, in which he is uncontradicted, though there was an endeavour by some to distinguish the case before them. So much for the principle of law in the time of the *Edwards* and *Henries*. That the law was so held, at least as lately as the case in 2. *Mod.* 264, that case indisputably proves; for if after the lessor had done an act which *avoided the lease* and reinstated him in his old estate, he could have still supported an action for rent in arrear, it would have been of no consequence to have pleaded, or to have shewn that he had made a demand of the rent; because if that had been pleaded, yet it would have availed nothing, if after avoiding the lease he still could have recovered the arrears; but neither court nor counsel appear to have doubted that the plea would have been a good bar if the demand had been pleaded and supported. I therefore conclude, that where a lessor enters and defeats the lease, this entry and the obtention of the land *is in lieu of all arrears*; that after such entry no action will lie for antecedent rents—that this has ever been and yet is the law of England, and is as well established a principle as any in the English law.

*Shaaff*, in reply.—This is an action of debt brought by the devisee of a reversion on a term for years, for rent due after the title of the devisee accrued. The defendant has pleaded two pleas in bar. He *first* pleads in bar of the whole, a clause of re-entry in the lease to defeat the estate on non-payment of rent, and an entry by virtue of such power, in bar of all rents, both antecedent and *subsequent* to the entry; and *secondly,* he pleads such entry in bar of *subsequent* rents, and says nothing as to the residue. In neither of these pleas has the defendant alleged *a demand* of the rent by the plaintiff, or a refusal to pay it by the defendant. The case as it presents itself on the pleadings, will depend on three general questions:

*First.*—Whether if the lessor enters for the non-payment of rent, and defeats the estate, he is entitled to the arrears of rent, or can by suit recover them?

*Secondly.*—Whether in an action of debt brought for rent, if the defendant, in bar of the action, pleads an entry by the lessor, or his assignee, to defeat the estate of the lessee by reason of a clause of re-entry contained in the lease for non-payment of rent, it is not neces-

sary for the defendant to shew that the lessor or his assignee made a *demand of the rent?*

*Thirdly.*—Whether the assignee of a reversion, after having defeated the estate by entry, cannot maintain an action of *debt* for the rent due before entry?

*First question.*—In the examination of this subject, it must first be observed, that no opinion of any legal writer can be produced, which seems in any manner to countenance the idea that the entry of the lessor, &c. destroyed the right to antecedent rents; but on the contrary the *dicta* of all the compilers on the subject, in the generality of their expressions, hold up the opinion, that the right is not destroyed. When we see propositions broad enough to cover a case under consideration, laid down by the first lawyers and judges of the age in which they wrote, and whose opinions on other subjects have been received as high authority for centuries past, we feel no disposition to make distinctions which are not dictated by evident necessity; to do so would be to make the law a science of quibbles and not of reason. It is hardly to be presumed that *Coke, Fitzherbert,* and all the great men who have written on this subject, would so have expressed themselves as to deceive the reader; and we all know that Lord *Coke,* and the lawyers of his day, were *astute* to draw distinctions where they in reality existed; but on the most accurate research no writer can be found who has laid it down as law, that after an entry by the lessor, and defeating the estate, he *cannot* have debt for the arrears.

The attorney general has stated in his argument, as one of his positions, that the entry and enjoyment of the land for the breach of a condition, similar to the present, is a *satisfaction* of the arrears; but admits, that if the entry had been for any other cause than the non-payment of rent, the lessor would have been entitled to the arrears; and also admits that he is entitled to a *nomine pœnœ,* and the arrears also, it being considered as a penalty, and not a remedy for the recovery of rent. To be sure a *nomine pœnœ* cannot be considered a remedy to recover rent, because it is only a forfeiture of something in case the rent is not paid. A re-entry to defeat the estate may be considered as a remedy to compel the payment of rent; and that remedy is the entry, which is necessary to complete the forfeiture; but it is difficult to tell why one species of forfeiture can have a greater effect on the arrears of rent, than the other. If on a lease reserving rent the parties had stipulated that on the non-payment of the rent, &c. a sum should be forfeited in the nature of a *nomine pœnœ* equal to the whole value of the land, it is admitted, and so the law certainly

is, that the lessor is entitled to both the rent and the sum forfeited—but it might in that case, with equal propriety as in the present, be contended that the *nomine pœnæ* was a penalty, and if the lessor takes it he shall not have the rent. But the law has adjudged that the *nomine pœnæ* is the punishment of the lessee's non-compliance, and does not affect his right to rent. Vary the terms of the lease, and the principle will still be the same. If the lease is made, and on non-payment of the rent the *land itself* is forfeited, and not the value of it, and the party enters to complete the forfeiture, I contend that he shall have both the land and rent. What reason can there be why the lessor shall have the rent, and a sum of *money*, which is forfeited by the non payment of it, and shall not have in the other case *the rent*, and *the land* which is equally forfeited by the non-payment? Surely the entry on the land can make no difference, because that act was necessary to complete the forfeiture. The title to the *nomine pœnæ* was complete by the demand, and there can be no entry in that case.

It is stated by the attorney general, that the enjoyment of the land by the lessor, after an entry for the breach of a condition, similar to the present, is a *satisfaction* for the arrears of rent. I think that it can be clearly established by the authorities, that the lessor is *entitled*, both to the arrears, and also to enter; and if so I presume that the enjoyment under the entry cannot be taken as a *satisfaction*. In *Coke's* Commentary on the 341*st sect.* of *Littleton*, speaking of a feoffment in fee with a condition of re-entry for non-payment of rent, after stating that the party could not bring an assize or distress, and afterwards enter, because they affirm the rent, says, "but he *may* receive the rent and acquit the same, and yet *enter* for the condition broken—*Co. Lit.* 211. *b.* There are but three species of entry for the breach of condition—1st. A general entry to defeat the estate. 2d. An entry to hold to the party's own use until the rent is paid. 3d. An entry to hold, and out of the profits pay the rent. In the two latter cases the moment the rent is paid the party is not entitled to hold any longer. It must be obvious that Lord *Coke* alludes to the *first* species of condition, and not to the two latter, because in such cases the party would not be entitled to receive the rent and enter afterwards. This opinion of *Coke*, when fully considered, will in a great measure establish the right of the lessor to the arrears of rent, and also to his right of entry for the breach of the condition, so far as the *opinion of Coke* can do so. The author states, that the feoffor may receive the rent and acquit it, and afterwards enter; this,

if it has any meaning, must mean that he may receive it as a debt, as a demand to which he is entitled, or the writer might as well have put an example of the receipt of any collateral thing to which the party had no right. It is presumed that this authority alone would fully answer the position of the attorney-general, that the enjoyment of the land, &c. was a satisfaction for the rent arrear; because it says, that the party may receive the rent and afterwards enter for the breach of condition; but if the enjoyment of the land was in legal contemplation a *satisfaction* for the arrears, the party would be doubly satisfied, first, by the *receipt* of the rent, and secondly by the *enjoyment* of the estate.

As the party is entitled to his rent and afterwards to enter, so he is entitled to bring an action of debt for it, if the payment is withheld from him, to be sure he cannot bring an assize or distrain, because those remedies presuppose the existence of a tenancy, but the action of debt does not, since the attorney-general himself admits that an action of debt may be maintained after the determination of the lease by surrender, or entry for any breach except non-payment of rent.

In *Pennant's* case, the court, among other things, said, that if a man leased for years, rendering rent, on condition if the rent be behind that he may re-enter, in that case if the lessor demanded the rent, and it is not paid, and afterwards accept the rent (before entry) at a day after, he has dispensed with the condition; but in *such* case, although he accept the rent, (due at the day for which the demand was made) yet he may enter; for as well *before* as *after* his entry he may have an action of debt for the rent upon the contract, &c.—3 *Co.* 64. *b.* The court here must have had in idea a case where the entry was general, as in the case before us, because they speak of one in which the party might receive the rent, and yet enter for the breach; but as before observed, in cases where the condition only is to hold until payment, &c. the party cannot enter if he has received the rent, from the very nature of the thing—*Co. Litt.* 203. *a.* The court in *Pennant's* case have declared that the lessor may accept the rent and afterwards enter. That as well *before* as *after* his entry he may have an action of debt on the *contract*, &c. The reason given is surely a sensible one, viz. that suit may be brought on the contract of the parties. This opinion in *Coke's* Reports is fully in point to our case. The court must have referred to a condition similar to ours, and they say, that *after* the entry an action of debt may be brought for the rent. The same doctrine is certainly warranted by the different law writers and abridgers on this subject.

If a man lease land for years rendering rent, and for default of payment that he shall re-enter; if he doth re-enter in the land for non payment of rent, yet he shall have an action of debt for the rent for which he doth re-enter—*Fitz. Nat. Brev.* 277. We here find *Fitzherbert* laying down the position generally. If a difference existed between the several kinds of conditions, it would have been mentioned, and those general expressions made use of, which would only be calculated to mis-guide, if they were not correct.

Where a man re-enters for non-payment of rent, by reason of a condition on a lease for years, he shall *have the land* and the arrears of rent, viz. the arrears then due—18 *Viner,* 503, cites 6 *Henry VII. c* 3.

This is represented as merely a *dictum* of the abridger, and of *Fairfax,* on which it is founded, and deserving of no credit, and as not being conclusive, but leaving it doubtful to what kind of condition it relates—What cre-dit the book is entitled to is left for the court to decide; but the conclusive meaning of the passage is, that the lessor shall have the land as his own, and also the ar-rears of rent—which could not be if the condition had been only to hold until payment.

If lessor enters for condition broken, or lessee sur-renders, lessor shall have debt for arrears due before condition broken, or surrender made, &c.—3 *Co.* 23, *b.*

If lessor enters for condition broken, or a forfeiture, debt lies for rent before—2 *Com. Dig.* 636.

I find that no ancient or modern compiler has taken the distinction which is attempted on this occasion; al-though the case must frequently have occurred. I shall not fatigue the court by travelling through the different year books in answer to the attorney-general—I trust that what has been advanced sufficiently proves that the principles he has endeavoured to establish are not tena-ble; but I may generally remark, that there is no deter-mination in the year books which injures the plaintiff's action.

With respect to the case in 2 *Mod.* 244, which is al-leged to favour the doctrine of the attorney-general, I apprehend no just conclusion can be drawn from the case itself—it is shortly reported, and only so much of it stated as was necessary to shew the point on which the court gave an opinion. They thought the pleading de-fective for not alleging a *demand,* and on that point alone decided, without going any further; and it is certainly not a fair argument to say that either court or counsel thought that the arrears were not recoverable if the de-mand had been properly alleged and supported, when neither of them had said one word on the subject. *How*

often does it happen in reality, that courts give their opinion on one obvious point, without deciding on another which would be equally decisive, but would take consideration and reflection to form a judgment on.

I shall make but a very few remarks on the other two questions.

*Second question.*—Whether in an action brought for rent, &c. if the lessee pleads an entry by lessor, &c. he must *not* shew a demand?

If this is against the defendant it is fatal to the whole case. It is admitted by the attorney-general, that to justify an entry by the lessor a *demand* must be made— It must also be admitted, that in a plea in bar every fact must be alleged which is substantially necessary to defeat the plaintiff of his action. Hence I contend, that when an entry is pleaded in bar of rent, a demand of that rent must also be alleged, otherwise the entry cannot be taken to be rightful, but tortious; and a tortious entry does not destroy the rent, but only suspends it during the continuance of the expulsion. The present pleas expressly plead an entry under the power in the lease to re-enter, without stating the continuance of the expulsion, for which reasons they must be supported as of a rightful entry. or not at all—and without a *demand* no such entry could be made.

Lease for years, condition to be void if the rent be behind; it is *not* void without *demand*, which must be expressly alleged in the pleadings; for no forfeiture (in such case) of an estate by entry or avoidance by condition, is given either for the *lessor* or *lessee*, without due *demand*, which must be expressly laid in the pleadings—2 *Shep. Ab.* 208. The demand in such cases must be made at the day prefixed for payment, and so expressly alleged in the pleadings —2 *Bac. Ab.* 417. To the same effect—2 *Mod.* 264. 18 *Viner*, 524.

Indeed the reason of the thing requires no authority to support it—If the estate continues the rent is not gone; and if the lessee will set up an entry and eviction to shew the rent extinguished, he must allege such circumstances in his place as prove the estate is defeated, otherwise the rent continues; and as an entry without a demand does not defeat the estate, such demand must be expressly alleged in the pleadings. However strong the entry of the lessor might be *evidence* against him of his having made a demand to justify such entry, yet in a plea, the *fact* must be stated, and not the *evidence* of it.

*Third question.* Whether the assignee, &c. can maintain debt for the arrears before entry, &c.

It is admitted that the lessor himself might maintain

debt after the determination of the lease, and I contend that the assignee may also under the act of parliament.

The grantees or assignees of reversions shall have the same remedy by action, &c. for non-performance of conditions, covenants, agreements contained in their leases against lessees, grantees, &c. as the lessors, grantors, &c. ought, should, or might have had at any time or times—32 *Henry VIII. c.* 34. The courts of law have always held that the assignee of the reversion might have debt for rent after the determination of the lease—*Cro. Jac.* 116, 118.

If the law was otherwise the assignee would always lose the last year's rent, when the rent was payable at the end of the year, which is customary.

Covenant was brought by the *devisee* of a reversion after the determination of the estate, for rent due during the continuance of the lease, and the court held that the very *privity of contract* was transferred by the statute; that covenant would lie, and *debt* also—*Carth.* 289.

A devisee is an assignee under the statute—2 *Leo.* 33, 2 *Vent.* 126. 1 *Vent.* 340.

The pleas cannot be supported as pleas of a tortious eviction—a tortious eviction alone is not an extinction of the rent, but only a suspension of it—*Co. Lit.* 148. It therefore can only suspend the rent during the time the suspension continues, which time ought to be shewn in the plea—*Lill. Ent.* 180.

In this case the pleas only state an entry and expulsion, without stating how long the defendant continued out of possession. If the plaintiff states an enjoyment, the defendant must traverse that fact—2 *Vent.* 68. 5 *Com. Dig.* 263.

*Key*, also in reply. In addition to the observations of the gentleman who has preceded me as counsel for the plaintiff, I shall only cite *Plowden*, 167, *Hill vs. Grange*, which shews the operation of the statute of 32 *Hen. VIII. ch.* 34, on the grant of a reversion, viz. enabling the grantee to enter for breach of covenant, and *ex consequenti* to support a suit for the recovery of rent, he being by that statute substituted in the place of the grantor. In page 179, my Lord *Coke* to the reader, states expressly, that *Hill*, the grantee of the reversion, should have the rent due at *Michaelmas*, and *also* enter for condition broken. The court determined that the entry of *Hill* for breach of condition on non-payment of the rent at Michaelmas was lawful, and my Lord *Coke* says, "note reader, he shall have the rent and enter too." Let it be observed, in the pleadings page 167 as stated, that the entry revested the former estate, and was not an entry to hold till paid, or to take profits till satis-

fied. The case, as far as my Lord *Coke's* opinion is to be considered law, expressly proves, that an entry revesting the party in his former estate, does not destroy the right to any antecedent rents, but he shall have the rents and entry too. This reconciles the law to common sense. The entry is to defeat the continuance of an estate in a tenant who will not comply with the terms of his lease; but why he should not pay for the past period of actual occupancy or enjoyment is difficult to conceive, and not reconcilable to reason.

*As to the first plea*—If a plea goes to the whole, but is only an answer to a part, it is ill on demurrer—1 *Salk.* 179. Therefore in this case, if a subsequent entry is no bar to antecedent rents the plea must be vicious. The right to the rents was complete before the entry, and the entry certainly could not divest it—2 *Co.* 23, *b.* 4 *Bac. Ab.* 366.

*As to the second plea*—Where a lease or a freehold is to be void, or an entry is given for non-payment of rent, there must be a demand, and that demand must be alleged in the pleadings.

To support an action for a *nomine pœnæ*, a demand must be made—4 *Bac. Abr.* 353. There must be a demand before entry—*Co. Lit.* 201, *b.* *Hobb.* 207, 267. 18 *Viner*, 523. A demand must be made on the premises, and it is essential to defeating the estate; it must be at a particular time, and a demand on the ensuing day is not sufficient—*Co. Lit.* 153, 201, *b.* 4 *Bac. Ab.* 357. A demand must be made on the day of payment, because the lessee is presumed to be there to pay the rent on the day of payment—18 *Viner*, 520. The plea is of an entry under the lease, and not a tortious entry. The estate cannot be re-vested without a *legal demand*, and an entry.

It therefore seems, that a demand is essential, and every essential fact must be pleaded—a demand cannot be intended—an issue may be taken on the demand, but it cannot be taken on a demand not pleaded. The case in 18 *Viner*, 524, is an issue on the demand.

If the issue on the demand is found in favour of the plaintiff, the estate is not defeated—but if pleaded as a tortious entry, the estate would be defeated.

If the lessor is a defendant in an action of covenant for quiet enjoyment, he must shew a demand. Suppose the defendant had pleaded that the plaintiff was repossessed of his former estate, could a demand and entry be presumed?

The forms of pleading shew that a demand is necessary to be alleged.—*Rast. Ent.* 183.

Here both pleas are defective in not stating a demand.

As to the objection that two remedies cannot be prosecuted for the same thing—The entry is to defeat the estate, and not as a satisfaction for antecedent rents. The case of *elegit* is not applicable—the entry is on dereliction of rents before due, which arose on the consideration of holding the land.

There can be no question but a devisee may bring debt for rent:—2 *Bac. Ab.* 17. 1 *Roll. Ab.* 598. *Plow.* 164. 179.

CHASE, J. This is an action of debt brought by *Elizabeth Mackubin*, the devisee, of the reversion on an indenture of lease for ninety-nine years, renewable for ever, against the surviving lessee, (*William Whetcroft.*) for rent which accrued and became due since the death of the testator, (*Richard Mackubin.*) and prior to the commencement of this suit. The lease, among other covenants, contains the usual one of re-entry for non-payment of the rent within 30 days after the same became due.

The law is well established that the lessee, under a lease for years containing the covenant of re-entry for non-payment of rent at the time stipulated, acquires a defeasible interest in the land leased, liable to be defeated by the entry of the lessor for non-payment of the rent at the time limited.

This clause or covenant is inserted for the benefit of the lessor, to secure a punctual payment of the rent; and, where the entry is made, the lessor is considered as exacting a penalty in determining the interest of the lessee, by way of punishment for his failing to pay the rent according to his contract.

This entry is never made but when in the opinion of the lessor the lease is beneficial to the lessee, or where there is no prospect of securing the rent in future.

Such entry is not a satisfaction of the rent antecedently due, nor is it a relinquishment of the right of the lessor to it.

The rent is by way of retribution or compensation for the enjoyment of the land, and the lessee is bound by his contract, and every principle of justice, to pay the rent which became due while he possessed and enjoyed the land; and, in the opinion of the court, the entry in this case cannot bar the plaintiff from recovering the rent which was due prior to the time of making such entry.

By an entry, sanctioned and legalized by a demand of the rent made on the land at the proper time and place, the estate and interest of the lessee in the land will cease and determine, and revest in the lessor, whose right to the rent in future will be extinguished. And in

MAY 1798.

Mackubin
vs.
Whetcroft.

the opinion of the court, the demand of the rent is a material and essential fact, and both the pleas for want of alleging that fact are substantially defective.

In this case the estate and interest of the lessee in the land not being defeated or determined, the privity in respect of the estate between the plaintiff, (the devisee of the reversion) and the defendant, (the lessee,) still subsists, and this action is maintainable.

The clause of the re-entry being inserted for the benefit of the lessor to enforce a punctual payment of the rent—If on the failure of the lessee to pay the rent at the stipulated time, the lessor elects to avoid the estate of the lessee, and makes a demand and entry for that purpose, and brings an ejectment to recover the possession, it is incumbent on him to prove those acts which will vacate the lease and defeat the interest of the lessee.

The confession of lease, entry and ouster, confesses the entry of the lessor—but it does no more, and cannot be extended further. It does not admit that the rent was in arrear, nor that the lessor legally demanded it. Those facts must be proved, because they are essential in avoiding the estate of the lessee, and the proof of them is not dispensed with by the confession of lease, entry and ouster.

When the lessee, in an action brought against him for rent, would bar the lessor by shewing his estate was determined by the acts of the lessor, he must allege in his plea all those acts which are necessary to defeat his estate—that the rent was in arrear—that the lessor demanded it at the proper time and place, and that the lessor entered.

All these facts must concur to determine the interest of the lessee derived under the lease; they must be alleged and proved, being necessary to constitute a bar to the action.

If proof of demand of the rent and entry are dispensed with by the 4 *Geo. II. c.* 28, in ejectment brought by the lessor, such proof is not dispensed with where the lessee would avoid his estate under the lease.

In pleading, every fact material and necessary for the defendant's defence, must be alleged and displayed in his plea.

A demand of the rent is a material and essential fact —the defendant in his plea has not alleged it.

The defendant in his plea has alleged, that the plaintiff by authority of, and in virtue of the lease, entered, and contends it is to be inferred as a necessary intendment, that he previously made a demand, and that the allegation of a demand is involved in the allegation of the entry in virtue of the lease.

The entry is a distinct fact from the demand, and might be made without it.

The entry in virtue of the lease means in contra distinction to a tortious entry. The lease was the authority under which he made the entry—but whether such entry can have the operation and effect of avoiding the defendant's interest, depends on other facts, whether there was rent in arrear, and whether there was a demand.

The marginal note in 2 *Raym.* 751, recognized and allowed to be law by Lord *Mansfield* in *Dougl.* 469, shews that the confessing the entry of the lessor under the lease is no admission of a demand. *Co. Lit.* 202. *a. note* 3.

The confession of lease, entry and ouster, is a confession of the entry of the lessor, but it is no confession of the demand, or that there was rent in arrear—Those facts rest on proof.

If a lessor makes a tortious entry on his lessee, and expels him, it is a suspension of the rent for the time he is kept out; but if the lessee regains or recovers the possession, the rent will revive, and the right of the lessor to the rent will attach or revest.

The clause of re-entry is inserted for the benefit of the lessor, and it is to secure punctuality in the payment of the rent.

As every lease is supposed to be beneficial to the lessee, the clause of re-entry is a rod held over the lessee, to be used or not at the option of the lessor, whenever the lessee is not punctual in paying the rent.

If the lessee violates his engagement in not paying his rent, and the lessor cannot any longer confide in him, he will defeat his interest and let the land to another. (*a*)

(*a*) In the case of *Dormer* vs. *Fortescue*, it was decided, that in an ejectment an *actual entry* was necessary to avoid a fine on the statute 21 *James I. c.* 16, for the word "*action*" in that statute could not mean "*ejectment.*" This decision was affirmed in the House of Lords, and settled and established by many cases.—3 *Burr.* 1897.

The meaning of confessing lease, entry and ouster, is to bring the matter to the *mere question of the plaintiff's possessory title.*

In all cases, except to avoid a fine, the confession of lease, entry and ouster, is sufficient—and it is settled to be sufficient for an ejectment brought on a condition broken.—3 *Burr.* 1897.

Where an entry is necessary to *complete the landlord's title,* (as where a power to re-enter is reserved to him in case of non-payment of rent; there the confession of lease, entry and ouster, is sufficient; but where it is requisite in order to rebut the defendant's title, actual entry must be made. This is the case where a fine is to be avoided—and no other instance occurred to the counsel in the case of *Dormer* vs. *Fortescue*, which was much argued in B. R. and the House of Lords. *Doug.* 467, 468. 1 *Sall.* 259, 2 *Ray.* 750, *Little* vs. *Heaton.*

The law settled ever since this case.—*Doug.* 468. *Bull. N. P.* 103.

Ejectment is the mere creature of the court, framed for the purpose of bringing the *right* to an examination, and an actual entry can be of no service.—*Doug.* 468.

I consider the law as settled and established, that the lessor can recover, by action of debt or covenant, against the lessee, all the rent incurred and become due antecedent to his entry to defeat the estate of the lessee under the covenant or clause of re-entry; that the law in this respect is founded in justice, and cannot nor ought to be shaken.

The *dictum* of judge *Fairfax* has honesty and fair dealing for its basis, and must accord with every man's sense of justice. It has been adopted and recognized by the sages of the law, and incorporated in our code or system of jurisprudence, as the law of the land. *Fitzherbert, Lord Cooke, Rolle, Viner* and *Bacon*, have sanctioned it with their approbation. 3 *Com.* 362. 19 *Henry VI.* 42. *Fitzh.* 277.

I know of no decision nor *scintilla juris* against it, nor is there any rule or principle of law which interposes as an impediment or bar to the recovery of the rent due before the entry of the lessor.

THE DEMURRERS ruled good, and *judgment* entered for the plaintiff for 315*l.* current money, debt, 147*l.* current money damages, and costs. The defendant appealed to the Court of Appeals—but the Appellant dying, the case *abated* in June 1799.

———❧———

## GENERAL COURT, MAY TERM, 1798.

---

The demand of rent must be proved notwithstanding the confession of lease, entry and ouster.—2 *Raym.* 751 *(margin.) Dougl.* 469.

The opinion of Lord *Mansfield* that the 2d section of the statute of 4 *George II. c* 28, is very confused and meant only to provide a remedy in cases of vacant possession.—*Doug.* 469.