## WILLIAM HORAN v. WILLIAM THOMAS AND ANOTHER.

*Justice Ejectment Act.* R. L. s. 1321.

In an action under the justice ejectment act—R. L. s. 1321—a lessor is entitled to a judgment without demand of rent in arrears or notice to quit after breach of the stipulations in a written or verbal lease as to the payment of rent.

ACTION brought under section 1321, Rev. Laws, to recover possession of a house, barn and two acres of land in Bridgeport. The action was commenced before a justice of the peace, and an appeal was taken by the defendants to the County Court. Plea, general issue. Trial by court, June Term, 1887, ROWELL, J., presiding. Judgment for the plaintiff for the possession of the premises and for $53.82 damages, which was the amount of rent of said premises for the whole time of defendants' occupancy after deducting $4 paid.

The court found: That on or about the 25th day of June, 1886, the plaintiff and the defendant Howard entered into a verbal contract to the effect that Howard was to pay the plain-

tiff $16 during the first week in the next July, as and for the rent of the premises for four months, beginning on the 8th day of the preceding May, at which date Howard had come into possession thereof; that Howard had theretofore paid to one Bennett $4 for rent for the first month of his occupancy, and it was agreed between them that that $4 was to go in part payment of the $16, leaving $12 to be paid during the first week of July, and that, if he paid the same as stipulated, said Howard was to occupy the premises for four months from May 8, and was to continue to occupy them for an indefinite time thereafter upon payment of $4 a month in advance, and that said Howard had never paid said balance of $12, or any part thereof.

In respect to demand and notice the court found that in the latter part of July the plaintiff, in effect, demanded the rent of Howard at said Bennett's store, and told him if he did not pay it he must quit the premises, and threatened legal proceedings to recover possession of the premises. The writ in this suit was dated the 5th, and served on the 9th of the following August.

The court held, as a matter of law, that this action is the same in legal effect under the statute as the common law action of ejectment for non-payment of rent, and that if any notice to quit was necessary, the facts found, and the bringing of the action itself, were sufficient.

*Tupper & Bliss*, for the defendant.

As no stipulation for re-entry on non-payment of rent, and no common law demand was found, the plaintiff cannot recover unless the provisions of the Rev. Laws, s. 1259, are applicable to this action. *Smith* v. *Blaisdell*, 17 Vt. 212; *Willard* v. *Benton*, 57 Vt. 286; *Van Rensselaer* v. *Jewett*, 2 N. Y. 141.

Section 1259 was enacted in 1818 (Sess. Laws, 1818, p. 59) and appeared substantially in its present form in the revision of 1838 (Rev. Stat. chap. 5, s. 14). The act creating the tribunal before which this action was brought, with jurisdic-

tion of cases where the tenant holds possession " without right after the determination of the lease by its own limitation," is No. 39 of the Acts of 1842. The words extending the jurisdiction to cases of breach of stipulation by the lessee or person holding under him were added by No. 17, Acts of 1850.

This court does not call this action an action of ejectment, but " a freehold action " and " a proceeding under the statute of 1842 ". (*Middlebury College* v. *Lawton*, 23 Vt. 688); a prosecution under section 30 of the Act entitled " Forcible Entry and Detainer " (*Hadley* v. *Havens*, 24 Vt. 520); " an action under the statute brought before a justice of the peace to recover possession," etc. (*Barton* v. *Learned*, 26 Vt. 193); " Forcible Entry and Detainer " (*Davis* v. *Hemenway*, 27 Vt. 590, and *Pitkin* v. *Burch*, 48 Vt. 521); " an action brought before a justice of the peace to recover possession," etc. (*Baldwin* v. *Skeels*, 51 Vt. 121, and *Barnes* v. *Tenney*, 52 Vt. 557).

Nor does the court treat it as an action of ejectment. " The suit may properly be regarded as analogous to the action of ejectment." *Middlebury College* v. *Lawton*, 23 Vt. 695.

It is said by Judge BENNETT to be a " substitute for an action of ejectment " (Ben. Vt. Justice, 154); a thing which is analogous to, or a substitute for, another thing, is not identical with it.

We submit that the Act of 1842 (Rev. Laws, s. 1321, *et seq.*) is a statute creating a new tribunal and conferring new remedies in derogation of the common law, and is not to be aided by construction.

It is to be borne in mind that this act has created a tribunal of a special and limited jurisdiction for the purpose of trying those specific cases which are mentioned in the act, and no matter can be prosecuted before that court but such as are within its express letter. *Hadley* v. *Havens*, 24 Vt. 520; *Pitkin* v. *Burch*, 48 Vt. 523; *Benjamin* v. *Benjamin*, 1 Seld. 383; *Farrington* v. *Morgan*, 20 Wend. 207; *Davis* v.

*Hemenway*, 27 Vt. 594; *Willard* v. *Benton*, 57 Vt. 286; *Maidstone* v. *Stevens*, 7 Vt. 487.

*Eldredge* and *Slade*, for the plaintiff.

The plaintiff contends that the right to the occupancy of the premises was limited by the terms of agreement; that defendant, by the neglect to pay the $12 during the first week in July, lost all right to the further occupancy of the premises; that by his own act, though at first lawfully in possession, his interest therein was determined.

He had no interest which he could transfer or assign to another. The condition upon which he had occupied up to the time, and upon which his future occupancy depended, had been broken. His continuance in possession after condition broken was at the sufferance of the plaintiff. He was a tenant at sufferance, and being such he was not entitled to any notice to quit. *Hollis* v. *Pool*, 3 Met. 350; 1 Hill Real Prop. (4th ed.) 394; 1 Washb. Real Prop. (3d ed.) 541; *Ford* v. *Steele*, 54 Vt. 562.

The neglect to pay the amount at the time stipulated dissolved the relation of landlord and tenant that had previously existed. It is well settled that when the relation of landlord and tenant does not exist no notice to quit is necessary. Adams, Eject. (4th ed.) 140; *Middlebury College* v. *Lawton*, 23 Vt. 688; *Hadley* v. *Havens*, 24 Vt. 520.

The opinion of the court was delivered by

POWERS, J. It matters little what name we give to the remedy given by section 1321, R. L., for the recovery of the possession of leased lands held "without right" by a lessee. Some courts call it one thing, some another. But

> "What's in a name? that which we call a rose,
> By any other name would smell as sweet."

This statute gives a summary remedy to persons entitled to the possession which is wrongfully withheld, and was intended as a substitute for the technical procedure of the common law

action of ejectment. If the lessee or any one holding under the lease withholds the possession "without right" after the expiration of the lease, or after a breach of its stipulations, he is amenable to this action.

The stipulation in this lease was that the defendant Howard should pay his monthly rent in advance. At the beginning of the month he had no "right" whatever under the lease until he paid the rent. There were then successive breaches of the stipulations of the lease, for any one of which the plaintiff had this remedy.

No questions respecting the plaintiff's title, demand of rent in arrear, or notice to quit, are involved in this proceeding. If the plaintiff is entitled to the possession, whether as the titleholder or otherwise, he is qualified to sue. If the defendant is not entitled to the possession, or, as the statute puts it, holds it without right, he is liable to be sued. The form of the declaration is presented in section 1322; and it is clear that the legislature in this proceeding intended to avoid both the delays and the technicalities of the old action of ejectment, otherwise there would seem to be little gained by the enactment.

The judgment is affirmed.