SADIE FOSS v. ISAAC STANTON.

January Term, 1903.

Present: TYLER, MUNSON, START, STAFFORD, and HASELTON, JJ.

Opinion filed May 16, 1904.

*Landlord and Tenant—Covenant to Repair—Justice Eject-*
*ment—Life Tenancy—Real Covenants—Right of As-*
*signee—Breach Before Assignment.*

The proceeding given by V. S. 1560, and commonly called "justice ejectment," is available though the tenancy be for life, provided it is created by contract.

When by the terms of a lease the lessee is to keep the premises in good repair, a notice to repair given by the landlord to the tenant need not state the particulars and extent of the repairs required.

A lessee's duty to the lessor under a covenant in the lease requiring the lessee to keep the premises in good repair, is measured by the condition of the property at the beginning of the term.

A lessee's duty to the assignee of the lessor, under a covenant in the lease requiring the lessee to keep the premises in good repair, is measured by the condition of the property at the time of the transfer.

A covenant by a tenant to keep the premises in good repair runs with the land, and though the assignee of the lessor can maintain an action for a breach accruing after the transfer, he cannot do so for one which occurred before.

JUSTICE EJECTMENT. Plea, the general issue. Trial by court at the September Term, 1902, Washington County, *Watson,* J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the facts.

*J. P. Lamson* for the defendant.

*Frank Plumley* and *John G. Wing* for the plaintiff.

No notice to quit is necessary. *Chamberlain* v. *Donahue,* 45 Vt. 50; *Rich* v. *Bolton,* 46 Vt. 84.

The plaintiff had the title when the suit was begun, and when it was tried. This is sufficient to enable him to maintain an action. *Beach* v. *Beach,* 20 Vt. 83; *Edgerton* v. *Clark,* 20 Vt. 264; *Gibson* v. *Seymour,* 3 Vt. 565.

MUNSON, J. The defendant is in possession under a written instrument by which the premises were let to him and his wife "to hold for the term of their and each of their natural lives." The proceeding is that ordinarily spoken of as justice ejectment. We have no case of this kind where the tenancy in question was for more than a term of years. The defendant contends that the remedy is not available when the tenancy is for life.

There is nothing in the language of the statute that suggests any distinction between tenancies. The remedy is given when one in possession of demised premises under a written or

parol lease remains in possession, without right, after the determination of the lease by its own limitation, or after the breach of a stipulation contained in the lease. The relation of landlord and tenant is that which subsists by virtue of a contract for the possession of lands, at will, for a definite period, or for life. The contract employed in the creation of this relation is called a lease, and with reference to this the parties are designated as lessor and lessee. Tenancies for years and for life may both be created by will, and in such cases the statute would apply to neither. The distinction called for by the statute is not between tenancies for life and lesser estates, but between tenancies created by contract and those arising otherwise.

We find nothing in our decisions that suggests a different view. It is said that the proceeding is analogous to, and contains all the elements of, an action of ejectment; that it is given as a summary remedy for the recovery of demised premises, and is designed to avoid the expense and delay attendant upon the prosecution of an action of ejectment; that it is available only against one whose rightful possession was that of a technical lessee, and who remains in possession after the expiration or forfeiture of his lease. *Middlebury College v. Lawton,* 23 Vt. 688; *Hadley* v. *Havens,* 24 Vt. 520; *Davis v. Hemenway,* 27 Vt. 589; *Pitkin* v. *Burch,* 48 Vt. 521; *Baldwin* v. *Skeels,* 51 Vt. 121.

The question here is whether the lease has been forfeited. The only breach relied upon is the failure to repair the buildings. The lessees covenanted, among other things, to keep the premises in good repair, and surrender them at the end of the term in the same condition as when taken, ordinary wear and providential damage excepted. It was further provided that if the lessees should refuse for the space

of three months to fulfill the covenant of the lease, the lessors might re-enter. More than three months before the bringing of the suit, the plaintiff notified the defendant to repair the buildings or quit the premises.

The plaintiff holds the reversionary interest by virtue of a quit-claim deed from Dorman W. and Wilma M. Cole, executed October 6, 1900. The lease was given by the Coles September 21, 1891. The shed was so far gone at the date of the lease that it was not worth repairing. The house and barn were then old and very much out of repair, and they have since grown gradually worse as a natural result of that condition. The roof of the house became more and more dilapidated, and leaked badly. The window lights became loose because of the condition of the putty, and let in the cold. The sills of the barn rotted away, and the floor of the stable pitched towards the manger. The defendant made no repairs on the buildings before the suit, except to put two or three planks in the stable.

It was not necessary to the sufficiency of the notice that it state the particulars and extent of the repairs required. The notice given called, in legal effect, for such repairs as it was the lessee's duty to make under the provisions of the lease. All parties in interest are supposed to know the effect of the covenants, and the lessee was to determine for himself whether, and how far, he had come short of meeting the requirement.

The covenant was to keep the premises in good repair— not to put and leave them in good repair. The lessee's duty to the lessor under this covenant is to be measured by the condition of the property when taken. But when the lessor takes no advantage of a failure to keep in repair, and afterwards conveys his interest, the lessee's duty to the assignee is to

be measured by the condition of the property at the time of the transfer. The covenant to repair runs with the land, and the plaintiff can sue for any breach occurring after she took the title. But the deed gave her no right to proceed for a prior breach. Neither a right of entry nor a right of action can be transferred. Co. Cop. § 60. *Trask* v. *Wheeler*, 7 Allen 109.

The plaintiff acquired the reversion in October, 1900, and brought this suit in February, 1901. The case finds the condition of the buildings at the date of the lease, nine years before, describes a subsequent gradual deterioration, and gives in detail the resulting impairments. But the case does not show when these conditions were reached with reference to the date of the plaintiff's deed, and nothing appears from which it can be said that the deterioration subsequent to the transfer was more than the ordinary wear of buildings such as these were at the time of the transfer. The plaintiff's notice, given twelve days after she received her deed, was in effect a requirement that the defendant make good the failure to keep in repair during the years preceding her acquirement of the reversion. The defendant's failure to do this did not constitute a breach for which the plaintiff can claim a forfeiture.

*Judgment reversed and judgment for defendant.*