IRA H. LAFLEUR ET AL. *v.* ADELL M. SMITH.

November Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 5, 1922.

*Justice Ejectment—Action Discontinued on Payment of Rent in Arrear.*

An action of justice ejectment under G. L. 2146, when founded solely on the tenant's nonpayment of rent, is an "action of ejectment for the nonpayment of rent" within G. L. 2130, providing that in such actions, if the defendant before final judgment pays into court the rent in arrear with interest and costs, the action shall be discontinued.

ACTION OF JUSTICE EJECTMENT for nonpayment of rent. Heard on an agreed statement of facts by the Court, Addison County Municipal Court, *Albert W. Dickens,* Municipal Judge. Judgment for the plaintiffs. The defendant excepted. The opinion states the case.

*Wayne C. Bosworth* for the defendant.

*Ira H. LaFleur* for the plaintiffs.

TAYLOR, J.    This action is founded on G. L. 2146, commonly referred to as justice ejectment.    It came up on appeal from the judgment of a justice of the peace, and was tried below on an agreed statement of facts.    Therefrom it appears that the defendant had been a tenant of the plaintiffs since November 20, 1918.    The lease was not in writing and there was no express stipulation reserving to plaintiffs the right to re-enter in case of failure to pay the rent.    The rent was due on the 20th of each month, but the defendant had never paid it on the day when due.    At the time this action was brought early in October, 1921, the rent had been paid to the 20th day of July preceding.    Between the latter date and the date of suit, the plaintiffs made demand for the rent, but not on the day when it was due nor on

the premises. Notice was not given the defendant that her tenancy had terminated or that it would end on a particular date; nor was she given notice to vacate. Before final judgment in the justice court the defendant paid into court for the benefit of the plaintiffs a sum covering the arrears of rent with interest and costs.

In the court below the defendant moved a discontinuance and for judgment for her costs accruing after tender. The motion was overruled, to which the defendant excepted. The defendant also excepted to the judgment, which was for the plaintiffs to recover possession of the premises, their damages and costs. The controlling question is whether G. L. 2130 applies to actions of justice ejectment. It provides that in actions of ejectment for nonpayment of rent the plaintiff shall not be required to prove demand of the rent in arrear or a stipulation for re-entry on nonpayment of rent or a re-entry on the premises, but shall recover judgment as if the rent in arrear had been demanded and re-entry made; but if the defendant in such action, before final judgment, pays into court the rent in arrear with interest and the costs of suit, such action shall be discontinued. The plaintiffs contend that the proceeding in justice ejectment is not "an action of ejectment for the nonpayment of rent," even when the only breach of the lease relied upon is the failure of the tenant to pay the rent when due. We are unable to agree with this contention. True, this Court has often said that the action of justice ejectment is not an action for the recovery of rent or damages; but, to be properly understood, the statement must be read in connection with its context. The language is employed by the Court in pointing out that the gist of the action is the wrongful holding over of demised premises, and the recovery of rent as damages is referred to as an incident of the right of action. But this is far from saying that the action is not in legal effect ejectment for the nonpayment of rent when the only breach of the lease rendering the holding without right is failure to pay the rent as it falls due.

It is evident, and is so conceded by the plaintiffs in their brief, that this action is founded solely on defendant's breach of the stipulation of the lease respecting payment of rent. It is in very essence an action of ejectment for nonpayment of rent in contemplation of G. L. 2130. It has been repeatedly held that the action of justice ejectment has all the elements of an action

of ejectment at common law. *Foss* v. *Stanton,* 76 Vt. 365, 57 Atl. 942, and cases there collected. One of the beneficent purposes of the statute under consideration is relief from the consequences of a forfeiture of the lease for the mere nonpayment of rent, and is a corollary to the benefits extended to a plaintiff in other provisions of the section. There is no apparent reason why a tenant who is proceeded against by this summary form of ejectment because in arrears for rent should not be entitled to the same relief as he undoubtedly would be entitled to if sued in ejectment at common law. It follows that it was error to deny the defendant's motion and to render judgment for the plaintiffs.

*Judgment reversed, and cause discontinued with costs to the defendant.*