### Robert Canfield et al v. Frank Hall et al

[147 A2d 886]

November Term, 1958

Present: **Cleary, C. J., Adams, Hulburd, Holden and Shangraw, JJ.**

Opinion Filed January 6, 1959

*Bloomer & Bloomer* for the defendants.

*Manfred W. Ehrich, Jr.* for the plaintiffs.

**Cleary, C. J.** This is a justice ejectment action appealed by the defendants to the Bennington County court. Before trial there the defendants moved to transfer the cause into Equity by the authority of V. S. 47, §1619. The transfer was refused, the defendants allowed an exception and the cause passed to the Supreme Court before final judgment, pursuant to V. S. 47, §2124. The only issue here is whether the court below committed harmful error in refusing to transfer the cause into the court of chancery.

The defendants' motion was accompanied by their bill of complaint as required by rule 12 of the county court rules.

The following facts are alleged in the defendants' bill of complaint. On May 14, 1941 James A. Canfield, the then owner of the property in question, leased the premises to the defendants for twenty years, with a right of renewal. In consideration thereof the defendants were to use the premises in a good and husbandlike manner and pay to James A. Canfield, or to his assigns, as rent, an annual sum equal to one percent of the total gross income of any and all business conducted on said premises, such sum to be not less than seventy dollars, payable on the first day of October, each year thereafter. The defendants also agreed to undertake all repairs at their own expense, to pay all taxes, and to carry and pay fire insurance

on the property, taken out in the name of the lessor to the amount of not less than $1000. The defendants had the right at any time to alter, change or enlarge the buildings on the premises, or to build new buildings to suit their convenience at their own cost and expense. The defendants have always paid the rent or attempted to do so and have tried to carry out each and every term of the lease.

While James Canfield remained the lessor, he approved of various alterations and additions to the building and loaned the defendants money to make said alterations and repairs, which money has been paid back to James Canfield. The additions and alterations at that time made exceeded the loan by many dollars. With the knowledge, consent, acquiescence, and, at times, help of James Canfield, the defendants converted the building from a school house into a combination restaurant and dwelling. Relying upon the lease of James A. Canfield and his suggestions, help and cooperation in connection therewith, the defendants spent, to wit, $14,000 in betterments on said property.

Upon information and belief the defendants allege that some time, the date of which is unknown to the defendants, the said James Canfield assigned this lease over to the plaintiffs, but subject to the lease. The defendants further allege that they have no adequate remedy at law and that they have been informed and believe and therefore allege upon information and belief that a claim for betterments does not exist in a justice ejectment.

In the oral argument before us plaintiffs' counsel conceded that the defendants' motion and bill should be considered as though the plaintiffs had demurred to it. A demurrer admits, for the purpose of its consideration, facts well pleaded, *Gignac* v. *King*, 118 Vt 413, 416, 111 A2d 42; *Theberge* v. *Canadian Pacific R. Co.*, 119 Vt 193, 197, 122 A2d 848; a demurrer is not aided by facts not appearing in the pleading demurred to, *Theberge* v. *C.P.R. supra*; no fact can be considered unless it appears on the face of the bill; allegations in the bill of complaint amounting to conclusions of law are not admitted by a demurrer and are to be disregarded. *Hillmer* v. *Grondahl*,

109 Vt 388-390, 199 A 255; *Smith* v. *Highway Board*, 117 Vt 343, 345; 91 A2d 805.

■ Much of the plaintiffs' brief is devoted to argument of claimed facts that do not appear in the defendants' bill. Such facts cannot be considered.

■ ■ An action of justice ejectment is statutory in its nature. V. S. 47, §2008; *Hinsman* v. *Marble Savings Bank*, 102 Vt 217, 222, 147 A 270. The statute gives a summary remedy to persons entitled to possession which is wrongfully withheld, and was intended as a substitute for the technical procedure of the common law action of ejectment. *Horan* v. *Thomas*, 60 Vt 325, 329, 13 A 567. There is no provision in the statutes which affords the defendants the relief which they seek. The briefs of both parties agree and under the facts as alleged in the bill of complaint, we also agree that the defendants are not entitled to recover in this action of justice ejectment for the betterments they have made to the property.

Because they have no adequate remedy at law the defendants pray that they be granted relief in equity for the betterments they claim to have made to the property. No authorities have been cited nor have we found any in this State where such relief has been granted in the absence of mistake by the tenant as to the condition of his title or in the absence of fraud by the landlord. *Green* v. *McDonald*, 75 Vt 93, 96, 53 A 332; *Snow* v. *Smith*, 86 Vt 58, 61-62, 83 A 269. Here the bill of complaint alleges that the defendants agreed to undertake all repairs at their own expense and that they had the right to alter, change or enlarge the buildings on the premises, or build new buildings at their own cost or expense. No claim is made that the landlord consented otherwise; or that the repairs and betterments were made under a mistake as to the defendants' title or because of fraud of the landlord; or because of a promise by the landlord, either in law or fact, to reimburse the defendants for the repairs or betterments which were made. *Brown* v. *Burrington*, 36 Vt 40, 44.

In their brief the defendants say that equitable relief against forfeiture of a lease is generally granted in all cases of non-payment of rent and that whenever a forfeiture is taken

advantage of and works a hardship, courts of equity generally relieve. The record does not reveal whether the sole reason for the judgment by the justice of the peace was for non-payment of rent but, assuming that was the sole reason, V. S. 47, §1993 gives the defendants a way of relief so there is no necessity for the transfer of the case into equity. *LaFleur* v. *Smith,* 95 Vt 476, 115 A 729.

■ Courts of equity do generally grant relief where a forfeiture works a hardship where full and just compensation can be made and is made by the person against whom the forfeiture is wrought. *Hager* v. *Buck,* 44 Vt 285, 291. But the record here fails to show that full and just compensation can be or has been made. It does not show whether the breach of the lease was unintentional, non-wilful, or the result of accident, mistake, ignorance, surprise or fraud, one or more of which should appear to obtain relief in equity. See *Henry* v. *Tupper,* 29 Vt 358, 375; *Blanchard* v. *Morey,* 56 Vt 170, 175.

■ It is to be presumed that the bill of complaint alleges all that the defendants can allege in their favor, and that they have stated their case as favorably to themselves as possible. *Emerson* v. *Carrier,* 119 Vt 390, 394, 125 A2d 822. The only reference made in the bill of complaint to any fulfillment of the defendants' obligations under the lease is where the defendants allege "that they have always paid the rent or attempted so to do and have tried to carry out each and every term of the lease."

■ The burden is on the excepting party to produce a record that makes it appear that reversible error has been committed; the record is to be construed against him and the risk of failure is his. *Ripley* v. *Spalding,* 116 Vt 531, 532, 80 A2d 375; *Ricci* v. *Bove's Executor,* 116 Vt 335, 336-337, 75 A2d 682. The record before us is not sufficient to make it appear that reversible error has been committed.

*The refusal of the court below to transfer the cause into equity is affirmed and the cause remanded.*