## Robert Canfield Et Al v. Frank D. Hall et al

[160 A.2d 768]

March Term, 1960

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed May 3, 1960

*Manfred W. Ehrich, Jr.* for the plaintiffs.

*Bloomer & Bloomer* for the defendants.

**Shangraw, J.** This is a justice ejectment action appealed by the defendants to the Bennington County Court. Before trial there the defendants moved to transfer the cause into equity by the authority of 12 V. S. A. §973. The motion was denied and the cause passed to the Supreme Court before final judgment pursuant to 12 V. S. A. §2428. This court affirmed the denial of the defendants' motion to transfer the cause into equity, and the case was remanded. *Canfield* v. *Hall*, 121 Vt. 52, 147 A.2d 886.

On remand the defendants paid $783.04 into county court and moved for a discontinuance on the ground that this amount represented all sums due and owing in the ejectment proceedings. The county court granted the defendants' motion, ordered the cause discontinued and cited as its authority the provisions of 12 V. S. A. §4773, and the rule expressed in 28 A. L. R.2d 847, and cases therein cited. The plaintiffs have refused to accept the sum of $783.04 paid into court by the defendants. The case is here on plaintiffs' appeal to the action of the county court in ordering the action discontinued.

The declaration complies with 12 V. S. A. §4852, and the statutory form of action in justice ejectment, 12 V. S. A. §5963, by alleging that the defendants are in possession of the premises in question, * * * "which land and tenements the defendants hold unlawfully and against the rights of the plaintiffs."

12 V. S. A. §4773 reads:

> "In actions of ejectment for non-payment of rent, the plaintiff shall not be required to prove a demand of the rent in arrear or a stipulation for reentry on non-payment of rent or a reentry on the premises, but shall recover judgment as if the rent in arrear had been demanded and reentry made. Before final

judgment, if the defendant in such action pays into court the rent in arrear with interest and costs of suit, such action shall be discontinued."

The plaintiffs urge in their brief that the action was brought for reasons other than for the non-payment of rent, and challenge the action of the lower court in ordering a discontinuance of the action without the benefit of a hearing on the merits. The plaintiffs state in their brief that such claims were made before the county court at time of the hearing of the defendants' motion to discontinue. They resisted the motion on these grounds. Claim is here made that it was not established as a matter of fact·that the ejectment action was solely for the non-payment of rent, and that therefore there was no basis for applying 12 V. S. A. §4773 in ordering a discontinuance of the action.

This action was brought under 12 V. S. A. §4851, which reads:

"When the lessee of land or tenements, either by parol or written lease, or a person holding under such lease, holds possession of such demised premises without right, after the determination of the lease by its own limitation or after such breach of a stipulation contained in the lease by the lessee or a person holding under him, the person entitled to the possession of the premises may have from a justice writ to restore him to the possession thereof."

We first consider the scope and nature of justice ejectment. It provides a summary remedy for a landlord whose tenant holds over without right after determination of the lease. It lies where common law ejectment would lie. It is given for the wrongful holding over of demised premises, and thus has all the characteristics of statutory ejectment. *Sabourin* v. *Woish*, 116 Vt. 385, 387, 78 A.2d 333; *LaFleur* v. *Smith*, 95 Vt. 476, 477-478, 115 A. 729. Justice ejectment, too, is statutory in its nature. 12 V. S. A. §4851. *Hinsman* v. *Marble Savings Bank*, 102 Vt. 217, 222, 147 A. 270. 12 V. S. A. §4851 gives a summary remedy to persons entitled to pos-

session which is wrongfully withheld and was intended as a substitute for the technical procedure of the common law action of ejectment. *Horan* v. *Thomas*, 60 Vt. 325, 329, 13 A. 567, 28 A. L. R.2d 848; *Canfield* v. *Hall, supra*, 52.

■ In reviewing the legislative background of 12 V. S. A. §4851, the original act, §1 of No. 39 of the Public Acts of Vermont, 1842, reads as follows:

> "When the lessee of any land or tenements, whether the same be by writing or parol, or when any person holding under such lessee, shall hold possession of said demised premises, without right after the determination of the lease, by its own limitation, the person entitled to the premises may be restored to the possession there in the manner hereinafter provided."

Later, by §1 of No. 17 of the Public Acts of 1850, the above was amended following "by its own limitation" to read "or after breach of any stipulation contained in the lease by the lessee, or any person holding under him" * * *. By this amendment the legislature gave additional grounds for relief under justice ejectment. It has been repeatedly held that the action of justice ejectment has all the elements of an action of ejectment at common law. *LaFleur* v. *Smith, supra*, pages 477 and 478. Justice ejectment is not confined to forfeitures claimed by reason of non-payment of rent. *Foss* v. *Stanton*, 76 Vt. 365, 367, 57 A. 942. Also see *Kates* v. *Hotel Brooks Corp.*, 118 Vt. 324, 326, 109 A2.d 265.

■ The court's action in granting the motion to discontinue the action presents for our consideration the record and transcript of the proceedings. A reference to the transcript discloses that plaintiffs' counsel, at the time hearing was had on defendants' motion, and in opposition thereto, stated that no rent was in fact owing at the time notice to quit was served on the defendants by the plaintiffs. The court was also then informed by the plaintiffs that they relied on grounds other than non-payment of rent. These factual statements were not denied by the defendants. The plaintiffs urged below, and

rightfully so, that justice ejectment may be brought for reasons other than non-payment of rent. *Foss* v. *Stanton, supra,* 367. It is apparent from the transcript that the plaintiffs made known to the court their position, and the action which they desired the court to take, namely, grant them a hearing on the merits to determine whether or not there had been a breach of any stipulation contained in the lease, other than by reason of non-payment of rent. By this action the question presented for our consideration was properly raised below. 12 V. S. A. §2381.

The defendants, at the time of the hearing on the motion, and in their brief, claim that the LaFleur case, *supra,* is controlling here. In that case it was conceded that the justice ejectment action was founded solely on the defendant's breach of the lease respecting non-payment of rent. Such is not the fact here. The defendants have also cited *Canfield* v. *Hall, supra,* as authority in support of the court's action in dismissing the action in this case. In that case the defendants moved to transfer into equity. The defendants' motion and bill were considered as though the plaintiffs had demurred. The court below refused to transfer the cause into the court of chancery. The action of the trial court was affirmed here. The defendants' allegations in support of their motion to transfer failed to justify the removal of the cause from an action of law in justice ejectment to a proceeding in equity for recovery of betterments. The facts as pleaded did not support a recovery for the improvements made. *Canfield* v. *Hall, supra,* at page 55.

In the Canfield case, *supra,* the issue as to whether or not this justice ejectment action was brought solely for the reason of non-payment of rent was not decided. This Court, at page 56, used this language: "The record does not reveal whether the sole reason for the judgment of the justice of the peace was for non-payment of rent, but, assuming that was the sole reason, V. S. 47, §1993 gives the defendants a way of relief so there is no reason for the transfer of the case into equity." This qualifying statement also supports the view that justice ejectment may be maintained for reasons other than non-payment of rent.

In ordering a discontinuance of the action, without a hearing on its merits, it is obvious that the trial court took the view that the action was brought by reason of the non-payment of rent. The county court, in effect, so stated in the order by its reference to 12 V. S. A. §4773, and 28 A. L. R.2d 847. The Vermont cases cited in this annotation refer to situations arising by reason of the non-payment of rent.

■ The record and transcript in this appeal make it affirmatively appear that the plaintiffs seek ejectment for reasons other than the non-payment of rent. The defendants, by acting under 12 V. S. A. §4773, in paying money into court as rent, cannot deprive the plaintiffs of their right to ejectment for a breach of other stipulations in the lease. Where a forfeiture for some reason other than non-payment is sought, the provisions of 12 V. S. A. §4773 have no application, and the tender made by a tenant in such a case will not abate the action. We hold that the plaintiffs were entitled to a hearing on the merits and that there was error on the part of the trial court in granting the defendants' motion to discontinue the action.

*Judgment reversed and cause remanded.*