492 A.2d 953

**Steve ZAZANIS**

v.

**GOLD COAST MALL, INC.**

**No. 1191, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

May 22, 1985.

Brian Peter Cosby, Ocean City (Paul C. Ewell, P.A., Ocean City, on brief), for appellant, Steve Zazanis.

Daniel R. Mumford, Ocean City, for appellant, Gus Stikas (this appeal was dismissed pursuant to a motion filed by Helen Stikas, substituted as a party appellant.)

Robin R. Cockey, Salisbury (L. Richard Phillips, Fulton P. Jeffers and Hearne & Bailey, P.A., Salisbury, on brief), for appellee.

Argued before WEANT, BISHOP and KARWACKI, JJ.

BISHOP, Judge.

Steve Zazanis, appellant, and Gus Stikas, now deceased, were defendants in a contract action in the Circuit Court for

Worcester County based on their failure to pay, under a lease agreement, a rent deficiency which accrued after their eviction for failure to pay rent under Md. Real Property Code Ann. § 8–401 (1981). Helen Stikas, Executrix under the Last Will and Testament of Gus Stikas, had been substituted as a party appellant; however, pursuant to her motion this Court dismissed her appeal. This appeal involves a judgment based on the granting by the circuit court of summary judgment in favor of appellee Gold Coast Mall, Inc. and the denial of the motion for summary judgment filed by appellant.

Md. Real Property Code Ann. § 8–401 (1981) provides:

(a) *Right to repossession.*—Whenever the tenant under any lease of property, express or implied, verbal or written, shall fail to pay the rent when due and payable, it shall be lawful for the landlord to have again and repossess the premises so rented.

. . . . .

(c) ... *judgment in favor of landlord; surrender of premises by tenant; effect of tender of rent.*

. . . . .

(2) If, when the trial occurs, it appears to the satisfaction of the court, that the rent, or any part of the rent, is actually due and unpaid, the court shall determine the amount of rent due and enter a judgment in favor of the landlord for possession of the premises. The court may also give judgment in favor of the landlord for the amount of rent determined to be due together with costs of the suit if the court finds that the actual service of process made on the defendant would have been sufficient to support a judgment in an action in contract or tort.

(3) The court, when entering the judgment, shall also order the tenant to yield and render possession of the premises ... within two days after the trial.

. . . . .

(5) However, if the tenant, or someone for him, at the trial, or adjournment of the trial, tenders to the landlord the rent determined by the court to be due and unpaid, together with the costs of the suit, the complaint against the tenant shall be entered as being satisfied.

(d) *Removal of tenant for noncompliance with judgment in favor of landlord.*—If judgment is given in favor of the landlord, and the tenant fails to comply with the requirements of the order within two days, the court shall, at any time after the expiration of the two days, issue its warrant, directed to any official of the county entitled to serve process, ordering him to cause the landlord to have again and repossess the property by putting him (or his duly qualified agent or attorney for his benefit) in possession thereof. . . .

(e) *Tenant's right to redeem leased premises prior to eviction.*—In any action of summary ejectment for failure to pay rent where the landlord is awarded a judgment giving him restitution of the leased premises, the tenant shall have the right to redemption of the leased premises by tendering cash, certified check or money order to the landlord or his agent all past due rent and late fees, plus all court awarded costs and fees, at any time before actual execution of the eviction order. . . .

## FACTS

Pursuant to a lease under which appellant[1] rented store premises from appellee for a ten year term commencing on June 1, 1978, appellant was required to pay a "minimum rent," an additional "percentage rent" based upon gross receipts, and miscellaneous other charges which were also characterized as "rent." Within two years of the beginning

---

**1.** Since this appeal now involves only appellant Zazanis, we will refer to him only in the course of our discussion. Although, Gus Stikas, deceased, was also a party to the lease.

of the lease term, a dispute arose regarding the method of calculating the "percentage rent" and as a result, appellee made several attempts to recover possession of the leased premises and the rent alleged to be due.

On July 14, 1980, appellee filed an action against appellant under Section 8–401 for repossession of rented property for failure to pay percentage rent. This action was dismissed by the District Court for Worcester County pursuant to appellant's motion on the ground that under the correct interpretation of the lease, no percentage rent was due. Appellee's motion for a new trial on the ground of mutual mistake in the drafting of the percentage rent clause was denied.

On July 23, 1980, the same day that the action was dismissed, appellee sent a letter to appellant, by certified mail, which gave thirty days notice to vacate the premises because of several alleged defaults under the lease, including "a history of default in payment of rent, common area maintenance, taxes, and percentage rent. . . ." Appellant did not vacate as requested and on November 19, 1980, appellee filed a forcible detainer action against him.[2] This action was eventually dismissed for lack of prosecution.

On May 21, 1981, appellee filed another action pursuant to Section 8–401 for repossession of rental property for failure to pay percentage rent and common area maintenance, and at the same time filed a tenant holding over action pursuant to Section 8–402.[3] The court found for appellant in the holding over action and entered a judgment in favor of appellee for possession and for $1,009.64 percentage rent due in the repossession action.

---

**2.** *Forcible* detainer is a common law action in Maryland which lies when one unlawfully detains property from the lawful possessor. *Moxley v. Acker,* 294 Md. 47, 53, 447 A.2d 857 (1982). Detaining the property by force or threat of force is no longer a necessary element of the cause of action. 294 Md. at 49, 52–53, 447 A.2d 857.

**3.** Under Section 8–402, the landlord is entitled to a judgment for the restitution of the possession of the premises and a tenant holding over

Appellant attempted to redeem the premises pursuant to Section 8–401(e), by tendering a certified check for $1,012.64, the percentage rent judgment and costs. Appellee refused to accept the check, as well as several subsequent tenders on the ground that it was entitled to possession of the premises. Appellee's letters to appellant which accompanied the return of the checks stated that:

—our returning these checks does not constitute any waiver of our right to any moneys which are due us pursuant to the terms of the lease, however, we are entitled to possession of the premises and will not accept any funds at this time. . . .

—under the circumstances, until the matter of repossession of premises is resolved, since I understand you are appealing the Order of the Court, we are returning to you herewith all checks which you have tendered reserving to ourself the right to require you to pay this money at an appropriate time. Our returning these checks to you constitutes no waiver on our part of any of the obligations contained in your lease. . . .

On July 15, 1981, appellee filed a petition for warrant of restitution pursuant to Section 8–401(d) alleging that appellant had waived the right of redemption pursuant to Section 21.05 of the lease which provides that

Tenant hereby expressly waives any and all rights of redemption granted by or under any present or future laws in the event of Tenant being evicted or dispossessed for any cause, or in the event of Owner obtaining possession of the leased premises, by reason of the violation by Tenant of any of the covenants or conditions of this lease, or otherwise.

The district court order of restitution of September 16, 1981, was upheld, on appeal, by the circuit court and appellant was evicted on December 10, 1981.

---

"beyond the termination of the lease . . . [is] liable to the landlord for the actual damages caused by the holding over."

Appellee filed the present action for rent deficiency from the time of eviction up to, but not beyond the time the premises were re-let in November 1982. The amount of the judgment after the granting of appellee's motion for summary judgment represents the minimum rent, common area maintenance, legal fees, and interest which the parties stipulated would be the damages due if appellee is entitled to a judgment.

## Discussion

■ As a general rule, lease obligations are terminated upon re-entry or eviction for breach of a covenant in a lease; *See Jones v. Albert,* 50 Md.App. 685, 690, 440 A.2d 416 (1982); *Mackubin v. Whetcroft,* 4 H. & McH. 135, 153 (1798); *Hinsman v. Marble Sav. Bank,* 156 A. 874, 875 (Vt.1931); however, a tenant may continue to be liable to the landlord based upon a provision in the lease which imposes liability for rent, damages, or deficiency arising in the case of reletting. *McArthur v. Rostek,* 483 P.2d 1351, 1352 (Colo.App.1971); *Satin v. Buckley,* 246 A.2d 778, 780–81 (D.C.1968); *Halpern v. Bargans,* 46 App.Div.2d 657, 359 N.Y.S.2d 837, 838 (1974); *see generally* 52 C.J.S. Landlord & Tenant § 490 (1968) at 428–29. The pertinent provisions of the lease at issue here are:

SECTION 21.01. Right to Re-enter.

In the event of any failure of Tenant to pay any rental due hereunder within ten (10) days after the same shall be due, or any failure to perform any other of the terms, conditions or covenants of this lease to be observed or performed by Tenant for more than thirty (30) days after written notice of such default shall have been given to Tenant ... then Owner besides other rights or remedies it may have, shall have the immediate right of re-entry....

SECTION 21.02. Right to Relet.

Should Owner elect to re-enter, as herein provided, or should it take possession pursuant to legal proceedings or

pursuant to any notice provided for by law, it may either terminate this lease or it may from time to time without terminating this lease, make such alterations and repairs as may be necessary in order to relet the premises, and relet said premises or any part thereof for such term or terms (which may be for a term extending beyond the term of this lease) and at such rental or rentals and upon such other terms and conditions as Owner in its sole discretion may deem advisable; upon each such reletting all rentals received by the Owner from such reletting shall be applied, first, to the payment of any indebtedness other than rent due hereunder from Tenant to Owner; second, to the payment of any costs and expenses of such reletting, including brokerage fees and attorney's fees and cost of such alterations and repairs; third, to the payment of rent due and unpaid hereunder, and the residue, if any, shall be held by Owner and applied in payment of future rent as the same may become due and payable hereunder.  If such rentals received from such reletting during any month be less than that to be paid during that month by Tenant hereunder, Tenant shall pay any such deficiency to Owner.  Such deficiency shall be calculated and paid monthly.  No such re-entry or taking possession of said premises by Owner shall be construed as an election on its part to terminate this lease unless a written notice of such intention be given to Tenant or unless the termination thereof be decreed by a court of competent jurisdiction.  Notwithstanding any such reletting without termination, Owner may at any time thereafter elect to terminate this lease for such previous breach.  Should Owner at any time terminate this lease for any breach, in addition to any other remedies it may have, it may recover from Tenant all damages it may incur by reason of such breach, including the cost of recovering the leased premises, reasonable attorney's fees, and including the worth at the time of such termination of the excess, if any, of the amount of rent and charges equivalent to rent reserved in this lease for the remainder of the stated term over the then reasonable

rental value of the lease premises for the remainder of the stated term, all of which amounts shall be immediately due and payable from Tenant to Owner. In determining the rent which would be payable by Tenant hereunder, subsequent to default, the annual rent for each year of the unexpired term shall be equal to the average annual minimum and percentage rents paid by Tenant from the commencement of the term to the time of default, or during the preceding three full calendar years, whichever period is shorter.

Appellee took possession of the premises upon eviction for failure to pay rent, and under Section 21.02 of the lease, had the option of terminating the lease and releasing appellants from liability, or reletting the premises without termination and holding appellant liable for any deficiency in rent thereunder. The same section also provided that taking possession under the right of re-entry or pursuant to legal proceedings would not constitute termination of the lease "unless a written notice of such intention be given to Tenant or unless the termination thereof be decreed by a court of competent jurisdiction."

We must decide whether the stipulated facts sufficiently generate a question whether appellee terminated the lease. If so, the motion for summary judgment should not have been granted.

In reviewing the propriety of the trial court's action on a motion for summary judgment, the appellate court is concerned with whether there was a dispute as to any material fact, and if not, whether the moving party was entitled to judgment as a matter of law. In considering the matter, the duly shown facts which would be admissible in evidence and all reasonable inferences deducible therefrom must be considered in a light most favorable to the party opposing the motion and against the party making the motion.

*Washington Homes v. Inter. Land Dev.*, 281 Md. 712, 717–18, 382 A.2d 555 (1978). "[E]ven where the underlying facts are undisputed, if those facts are susceptible of more

than one permissible inference, the choice between those inferences should not be made as a matter of law, but should be submitted to the trier of fact." *Fenwick Motor Co. v. Fenwick*, 258 Md. 134, 138, 265 A.2d 256 (1970).

■ We hold that it was error to enter summary judgment based on a finding, as a matter of law, that appellee did not terminate the lease. Under the circumstances of this case, the evidence regarding appellee's rejection of appellant's tender for redemption is susceptible to an inference that appellee terminated the lease. Under this analysis, written notice of appellee's intention to terminate was not necessarily required since the rejection of appellant's tender for redemption along with the surrounding circumstances regarding appellee's intention, rather than the taking of possession of the premises in and of itself, could have constituted the termination of the lease.

We discussed the repossession statute and the right of redemption in *Berlin v. Aluisi*, 57 Md.App. 390, 470 A.2d 388 (1984):

> In Maryland, prior to 1937, a landlord had no legal right to evict a tenant for nonpayment of rent. If a lease contained a provision for termination of the tenancy upon default of the tenant, the landlord could give the tenant due notice to quit the premises and thereafter take action to eject him as unlawfully holding over at the expiration of the tenancy. Otherwise, the landlord was left to the remedy of distress for rent.
>
> Chapter 529 of the Laws of 1937, adding §§ 27 through 33 to Article 53 of the Annotated Code of Maryland, created the remedy of eviction of a tenant for nonpayment of rent as well as a summary procedure for enforcing that remedy. Those provisions, as amended from time to time, are now contained in Md.Real Prop.Ann. Code § 8–401.

57 Md.App. at 396, 470 A.2d 388.

> By Chapter 490 of the Laws of 1973 [now § 8–401(e) ], the tenant was given a right to redeem the demised premises after judgment and prior to eviction ...[:]

> In any action of summary ejectment for failure to pay rent where the landlord is awarded a judgment giving him restitution of the leased premises, *the tenant shall have the right to redemption of the leased premises by tendering in cash, certified check or money order to the landlord or his agent all past due rent and late fees,* plus all court awarded costs and fees, at any time before actual execution of the eviction order. (Emphasis added).

*Id.* at 397, 470 A.2d 388.

> [This provision] was clearly intended to meliorate the plight of the tenant who might be unable to pay the rent on the day it falls due but can manage to pay it before he is actually evicted.

*Id.* at 402, 470 A.2d 388.

This provision would also operate to protect a tenant in a case like the one *sub judice* where the failure to pay the rent was the result of a dispute, under a complex percentage rent clause, regarding the proper calculation of that rent.[4]

■ Appellant's waiver of the right to redeem the premises through a provision of the lease does not *ipso facto* preclude a finding that appellee's rejection of the tender for redemption operates as a termination under the facts of this case. Indeed, in resolving all inferences in favor of appellant, the stipulated facts could establish that appellee launched an all out effort to recover possession of the premises after receiving, as a result of the first repossession action, an unfavorable interpretation of the percentage

---

4. In *Food Fair v. Blumberg,* 234 Md. 521, 200 A.2d 166 (1964), the Court noted that considerable case law has developed regarding percentage leases and that the peculiar features of such provisions "frequently present difficult questions of construction...." 234 Md. at 533, 200 A.2d 166. The clause at issue here, which was part of the printed lease form, contained deletions and interliniations which further complicated matters. Judge Pollitt, who affirmed the issuance of the warrant of restitution, opined that to say the percentage rent clause "is poorly drafted is making the understatement of the year."

rent clause. This effort included the filing of a forcible detainer and tenant holding over action, both of which could be regarded as evidence that appellee considered the lease terminated. The letter of July 23, 1980, giving thirty days notice to vacate, also could indicate an intention to terminate the lease.

In its second action for repossession, appellee claimed $27,264.96 in damages while appellant denied that any rent was due. After the dispute was settled by the court's judgment for $1,009.64, appellant tendered that amount with the intention of continuing as a tenant under the provisions of the lease. Exercise of its right to reject that tender by appellee could be evidence of its intention to terminate the landlord/tenant relationship.

In concluding that the rejection of the tender did not constitute a termination of the lease, the circuit court relied upon the language contained in appellee's letters that the returning of the checks did not constitute a waiver of the right to any money due under the lease. Taken in the light most favorable to appellant, however, this could be construed to mean only that appellee was rejecting the tender in order to safeguard its right to possession but that appellant still owed them the funds being rejected.[5] Under

---

**5.** In referring to the statutory bars to the right of redemption, Bregnan & Everngan, Maryland Landlord-Tenant Law, Practice and Procedure (1983) provides:

In those cases where the tenant's right of redemption is foreclosed, the statute is unclear as to what the effect is of the tenant's tender or payment of all past due rent, late fees, and court-awarded costs and fees. The statute could be interpreted to mean that the landlord does not have to accept the tender and, instead, can evict the tenant. On the other hand, the landlord could accept the tender of these monies, but such acceptance would work as a redemption by the tenant. A second interpretation would permit acceptance of the tender by the landlord but allow the eviction, nevertheless, on the theory that the payment did not operate as a redemption under the statute. The general practice, in so far as it can be determined appears to adopt the second approach. However, at least one unreported opinion from the Circuit Court for Prince George's County has been rendered holding that the landlord's right to evict after accepting the rent after the tenant's right of redemption has

this interpretation, the rejection of appellants tender could still be interpreted as a termination of the lease.

We hold that appellee was not entitled to a judgment as a matter of law and, therefore, summary judgment was inappropriate. Based on the foregoing analysis, since we cannot conclude as a matter of law that appellee terminated the lease, we also hold that the circuit court properly denied appellant's motion for summary judgment.

JUDGMENT REVERSED; CASE REMANDED FOR TRIAL; COSTS TO BE PAID BY APPELLEE.

been foreclosed raises a question of fact as to the landlord's intention at the time of payment and acceptance of the past due rent amounts.

*Id.* at 215. This discussion illustrates the underlying reason for rejecting the tender under these circumstances.