**In re the OPUS CORPORATION, Debtor.**

**20251 CENTURY ASSOCIATES LIMITED PARTNERSHIP, Movant,**

**v.**

**The OPUS CORPORATION, Respondent.**

**Bankruptcy No. 88–4–1105SD.
Motion No. 88M–00768SD.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

Aug. 19, 1988.

Michael J. Schwarz, Schwarz, Greenblatt & Rafferty, Baltimore, Md., for debtor/respondent.

Stephanie Wickouski, Lerch, Early, Roseman & Frankel, Bethesda, Md., for landlord/movant 20251 Century Associates Ltd. Partnership.

## MEMORANDUM OPINION AS TO LEASE

E. STEPHEN DERBY, Bankruptcy Judge.

Debtor's landlord for its principal offices, 20251 Century Associates Limited Partnership ("Landlord"), seeks relief from the automatic stay of 11 U.S.C. § 362(a) to permit it to evict Debtor. Debtor has countered by moving pursuant to 11 U.S.C. § 365(d)(4) for an extension of time to assume or reject Landlord's lease dated December 1, 1983 (the "Lease").

Landlord alleges in support of its motion and in opposition to Debtor's motion: (1) the Lease was terminated by Landlord prepetition; (2) the Debtor is in default of three months prepetition rent totalling more than $46,000, although the amount

actually due was reduced by Landlord's draw of more than $29,000 on a security deposit in the form of a letter of credit; and (3) Debtor has no ability to cure its defaults and assume the Lease. Debtor contends: (1) Landlord did not effectively terminate the Lease because it failed to give adequate notice and opportunity to cure, and Landlord should be estopped from terminating by its inequitable conduct; (2) termination of the Lease would constitute a forfeiture and forfeitures are not favored law and will work a hardship on Debtor; and (3) Debtor has paid all postpetition rent and tenders future performance, although Debtor has not proposed to cure all prepetition defaults.

It is undisputed that Debtor needs the leased premises in its business. It is also undisputed that Debtor is in arrears as to its prepetition rent obligations.

The Lease is for a term of five years ending December 31, 1988, with a five year renewal option. Landlord sent Debtor a default notice on April 11, 1988 by certified mail which set forth Debtor's monetary defaults and stated: "Landlord will exercise any and all remedies available to Landlord pursuant to Paragraph 23 of the Lease." Thereafter, on April 18, 1988, Landlord delivered to Debtor's offices a letter notifying the Debtor of Landlord's termination of the Lease and requesting Debtor to vacate the premises. The following afternoon, April 19, 1988, Debtor filed the petition initiating this case.

■ The Lease was terminated prepetition by Landlord's actions. Debtor was in default for failure to pay rent [Lease, paragraphs 4(a), 23(a)(1)], and Landlord exercised its right to give Debtor written notice and to terminate the lease [Lease, paragraph 23(b)(1)]. Such notice was properly given as prescribed by the Lease [paragraph 32]. No additional cure period was allowed in the Lease, and Landlord merely exercised its legal right under the Lease to terminate. *See Cabana, Inc. v. Eastern Air Control*, 61 Md.App. 609, 487 A.2d 1209 (1985), *cert. denied, Cabana, Inc. v. Eastern Air Control*, 302 Md. 680, 490 A.2d 718 (1985). Since the Lease was ter-

minated prepetition, there was nothing at filing for the Debtor to assume. *In re Pagoda Intern., Inc.*, 26 B.R. 18 (Bkrtcy.D. Md.1982).

Merely because the Lease had been terminated prepetition, however, does not mean the Debtor did not still possess an interest when the petition was filed, if State law grants some interest to a defaulting lessee in such circumstances. *See In re Waterkist Corp.*, 775 F.2d 1089, 13 B.C. D. 1386 (9 Cir.1985). Unlike the situation in the *Pagoda* case, *supra*, Debtor and Landlord's rights had not been fully litigated in the State courts prepetition.

■ Under Maryland law, a lessee which has defaulted as to its rent obligations still has certain redemption rights. Under Maryland's summary ejectment procedures, a tenant may redeem the leased premises at any time prior to eviction by tendering in cash or its equivalent all past due rent and late fees and court costs and fees. Md. Real Property Code Ann. §§ 8–401(c)(5) and (e) (1988 Repl.Vol.).

Debtor, nevertheless, in the Lease waived its redemption rights under State law. [Lease, paragraph 23(e)]. Such a waiver is not *per se* invalid under Maryland law, nor does such a waiver *ipso facto* foreclose all rights of a lessee. *See Zazanis v. Gold Coast Mall*, 63 Md.App. 364, 492 A.2d 953 (1985).

Forfeitures of leases are not favored under Maryland law, and a Maryland court may grant equitable relief from a lease forfeiture where circumstances warrant. *See Rose and Crown, Ltd. v. Shaw Ent.*, 28 Md.App. 548, 346 A.2d 459 (1975) (equitable relief found not justified) and *Dreisonstok v. Dworman Bldg. Corp.*, 264 Md. 50, 284 A.2d 400 (1971) (equitable relief denied to tenant). Nevertheless, for a tenant to invoke the Court's equitable powers to avoid a forfeiture of its Lease, the tenant must do equity. *Dreisonstok v. Dworman Bldg. Corp.*, *supra; Evergreen Amusement Corporation v. Pacheo*, 218 Md. 230, 145 A.2d 774 (1958). To do equity to avoid forfeiture of a lease for nonpayment of rent, a tenant must normally at least tender all rent, interest and costs due under the lease. *Id.; Streeter v. Middle-*

*mas,* 240 Md. 169, 213 A.2d 471 (1965). *See also Molyneaux v. Town House, Inc.,* 195 A.2d 744 (D.C.App.1963). In so stating, this Court does not, and need not, go as far as the Court in *In re Telephonics, Inc.,* 85 B.R. 312 (Bkrtcy.E.D.Pa.1988) to predict how Maryland courts would apply the redemption statute.

For the Debtor here to be eligible for equitable relief from forfeiture of the Lease because of its failure to pay prepetition rent, it must pay all prepetition rent, costs, late charges and interest due under the lease. In this case, what the Debtor must do to avoid forfeiture of the Lease is the same as it must do to assume the Lease under 11 U.S.C. Sections 365(a) and (b), i.e. cure all defaults. Until Debtor has cured those payment defaults and a court of equity has reinstated the lease, there is no lease to assume under the Bankruptcy Code.

For these reasons, the Court will allow the Debtor until September 6, 1988, the expiration of the grace period under the Lease [paragraph 4(a) ] for payment of the September rent, to assume or reject the Lease. The stay of 11 U.S.C. Section 362 will likewise be conditionally extended through September 6, 1988. If the lease is assumed by Debtor by curing all payment defaults by September 6, 1988, Landlord's Motion to lift the stay will be denied. Otherwise, it will be granted effective September 7, 1988. A separate Order is being entered to implement this Opinion.