**In re METRO AIR NORTHEAST, INC. (NY), Metro Air Northeast, Inc. (VT), Debtors.**

**Bankruptcy Nos. 91–21538, 91–21540.**

United States Bankruptcy Court, W.D. New York.

Sept. 11, 1991.

Elliott, Stern & Calabrese by David Stern, Rochester, N.Y., for debtors.

Harris, Beach & Wilcox by Jeffrey Baker, Rochester, N.Y., for City of Burlington, Vt.

Wilson, Powell, Lang & Faris by Richard A. Lang, Jr., Burlington, Vt., for Vermont Nat. Bank.

U.S. Trustee's Office by Trudy A. Nowak, Rochester, N.Y.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This matter is before the Court on Metro Air Northeast, Inc. (VT)'s motion to assume a lease pursuant to 11 U.S.C. § 365. For the reasons which follow, the Debtor's motion is denied. However, the Debtor is granted leave to reapply to assume the lease if it is able to have the lease reinstated pursuant to Vermont law.

The Debtor leases from the City of Burlington, Vermont ("the City") a 111,300 square foot parcel of real property located at the Burlington International Airport. There is a 33,000 square foot airplane hangar constructed on the property. The Debtor claims it owns the hangar and has substantial equity in it. However, section 11(c) of the Debtor's lease specifically provides that any improvements made to the real property are the property of the City, and the Debtor shall have only a leasehold interest therein. The Debtor's motion states that it believes it will be able to sublet the property and make a net profit of approximately $17,000 per month.

The City of Burlington and the Vermont National Bank ("the Bank") have both filed objections to the Debtor's motion. Their positions are substantially the same. They contend that the lease was terminated on April 11, 1991. On March 20, 1991, the City sent a letter to the Debtor, at its headquarters, addressed to its president, stating the Debtor was in default of the lease for failure to pay rent. The letter gave the Debtor 30 days to cure the arrears or the lease would be terminated in accordance with section 12(g) of the lease. The City has produced a mail receipt showing the letter was delivered to the Debtor's

regular place of business on March 25, 1991. The receipt is signed by the Debtor's employee. Thereafter, the City brought an eviction proceeding against the Debtor. That action was stayed when the Debtor filed its petition. No judgment was ever rendered. The Debtor claims to have never received the March 20, 1991 letter. The Debtor states that the letter was addressed to its former president and was never received by his replacement.

It is basic bankruptcy that a lease which has been terminated pre-petition cannot be resurrected by the Court. In order for the Debtor to be able to assume a lease, the lease must be in existence on the date the petition was filed. *See In re Scarsdale Tires, Inc.,* 47 B.R. 478 (S.D.N.Y.1985); *In re Masterworks, Inc.,* 94 B.R. 262 (Bankr. D.Conn.1988). In this case, it is clear that the lease had been terminated by the City prior to the date of filing. The City sent a termination notice in accordance with the requirements of the lease. The notice was received and signed for by the Debtor's agent at its place of business. The Debtor did not cure its defaults within 30 days as required by the lease as stated in the notice of default. Therefore, the Debtor's motion to assume the lease is denied.

The Debtor asserts that even if the lease had been "technically" terminated the Court should invoke the antiforfeiture doctrine. Several courts have held that where a debtor retains a possessory interest in the premises, it may invoke a State's anti-forfeiture doctrine to re-instate the lease. *See In re Windmill Farms, Inc.,* 841 F.2d 1467 (9th Cir.1988); *In re Waterkist Corp.,* 775 F.2d 1089 (9th Cir.1985); *In re Oyster Club of Greenwich Ltd. Partnership,* 98 B.R. 654 (Bankr.D.Conn.1989); *In re Opus Corp.,* 89 B.R. 9 (Bankr.D.Md.1988). It appears that an action for ejectment brought against a lessee solely based on the failure to pay rent must be discontinued if the tenant pays into the Court the full amount of rent in arrears with interest and costs of suit. *See* 12 V.S.A. § 4773 (1991); *Aiken v. Watson,* 131 Vt. 19, 298 A.2d 559 (1972); *Canfield v. Hall,* 121 Vt. 479, 160 A.2d 768 (1960). The City may

proceed with its action for ejectment. If the Debtor is able to have the lease reinstated, then it may bring a second motion to assume the lease. Any objections in regard to adequate assurance of future performance will be addressed at that time, and it is so ordered.