CYNTHIA HOLCOMB HALL, Circuit Judge.
 

 Appellant City of Valdez, Alaska (the “City”) challenges the decision of the district court denying the City relief from automatic stay in bankruptcy and finding that appellee Waterkist Corporation (“Wat-erkist”) could assume the lease of a commercial fish processing plant as a bankruptcy debtor-in-possession. We affirm.
 

 BACKGROUND
 

 Waterkist leased a warehouse from the City in order to operate a eommerical' fish processing plant. The City’s major objective in entering the lease was to ensure that it had an operating fish processing plant which would provide jobs for its residents and stimulate the local economy. As part of the lease agreement Waterkist made over one million dollars of improvements to the leased property, and the City spent nearly seventy thousand dollars on improvements. Waterkist was required to pay rent of one hundred dollars per month and an additional annual payment based on the volume of work performed at the plant. The rent and annual payment totaled thirty thousand to thirty-five thousand dollars per year, depending on the volume of business done.
 

 Waterkist was unable to make the 1983 annual payment. The lease contains the following definition of default and the City’s remedies on default:
 

 14.01
 
 Default.
 
 Each of the following events shall be deemed an event of default by the Lessee under this Lease and a breach of the terms, covenants and conditions of this Lease:
 

 (a) A default in the payment of the rent and additional rent due under this Lease, or any part thereof, for a period of thirty (30) days from the due date for the payment of such rent or additional rents.
 

 14.02.
 
 Lessor’s Remedies.
 
 In the event of any default by Lessee as recited in Paragraph 14.01 of this Lease, Lessor
 
 *1091
 
 shall have the following rights and remedies, all in addition to any rights and remedies that Lessor may be given by statute, common law or otherwise:
 

 (b) Declare the term of this Lease ended.
 

 Seven days after the thirty-day grace period expired the city council voted to terminate the lease because Waterkist owed $27,381.52 on the annual payment. The city council sent a declaration of termination to Waterkist on February 23, 1984. Waterkist filed a Chapter 11 bankruptcy petition on February 28, 1984.
 

 Relying on the decision of the Alaska Supreme Court in
 
 Hendrickson v. Freericks,
 
 620 P.2d 205 (Alaska 1980), the bankruptcy court found that forfeitures are not favored under Alaska law and concluded that the lease was still in existence and could be assumed by Waterkist as debtor-in-possession. The district court affirmed.
 

 STANDARD OF REVIEW
 

 We review the bankruptcy court’s decision that Waterkist’s rights under the lease were not forfeited
 
 de novo
 
 as a question of law.
 
 See Crocker National Bank v. American Mariner Industries, Inc. (In re American Mariner Industries, Inc.),
 
 734 F.2d 426, 429 (9th Cir.1984).
 

 DISCUSSION
 

 A debtor-in-possession may “assume or reject any executory contract or unexpired lease of the debtor.” 11 U.S.C. §§ 365(a), 1107(a). We conduct a two-part inquiry to determine whether a particular lease may be assumed by the debtor-in-possession. First, we must determine whether the lease was terminated under applicable state law prior to the filing of the bankruptcy petition.
 
 See, e.g., Kopelman v. Halvajian (In re Triangle Laboratories, Inc.),
 
 663 F.2d 463, 471 (3d Cir.1981);
 
 In re Mimi’s of Atlanta, Inc.,
 
 5 Bankr. 623, 628-29 (Bankr.N.D.Ga.1980),
 
 aff'd,
 
 11 Bankr. 710 (N.D.Ga.1981). Second, if we find that the lease was terminated, we must determine whether the termination could have been reversed under a state anti-forfeiture provision or other applicable state law.
 
 In re Burke,
 
 76 F.Supp. 5, 8 (S.D.Cal.1948) (applying California anti-forfeiture statute);
 
 Hazen v. Hospitality Associates (In re Hospitality Associates),
 
 6 Bankr. 778, 780 (Bankr.D.Or.1980).
 
 See also
 
 2
 
 Collier on Bankruptcy
 
 ¶ 365.04 at 365-32 (15th ed. 1985).
 

 This approach serves two purposes. It prohibits the debtor-in-possession from using the bankruptcy process to assume a lease or executory contract which would not have been assumable absent the bankruptcy proceedings. It also permits the debtor-in-possession the same opportunities to avoid forfeiture of a lease or executory contract that it would have received under state law absent the bankruptcy proceedings.
 
 See Butner v. United States,
 
 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) (“Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.”)
 

 We find that the lease was terminated by the notice from the city council to Waterkist. Under Alaska law, when the lessee fails to pay rent a landlord may bring a statutory action for termination of the lease. Alaska Stat. § 09.45.690. Absent a special agreement between the parties, a lease may be terminated for non-payment of rent only by a judicial decree in this statutory action.
 
 Dillingham Commercial Co. v. Spears,
 
 641 P.2d 1, 4-5 (Alaska 1982);
 
 Price v. S.S. Fuller, Inc.,
 
 639 P.2d 1003, 1005 & n. 7 (Alaska 1982);
 
 Klinger v. Peterson,
 
 486 P.2d 373, 378 (Alaska 1971). In this case the lease specifically provides that the City may terminate the lease upon default. Waterkist’s
 
 *1092
 
 failure to make the annual payment constituted a default under the lease. The notice by the city council to Waterkist was sufficient to terminate the lease on February 23, 1984.
 

 Nonetheless, Waterkist’s rights under the lease are not forfeited. Forfeitures are disfavored under Alaska law.
 
 Dillingham,
 
 641 P.2d at 7-8;
 
 Hendrickson,
 
 620 P.2d at 212. Alaska courts will examine the equities of the breach and the lease arrangement to determine whether forfeiture is appropriate, giving particular attention to the relative financial loss of the parties.
 
 Hendrickson,
 
 620 P.2d at 212. This is true even if the lessee is in default and the lessor has invoked his right to terminate the lease by serving a notice of termination on the lessee.
 
 Id.
 

 In this case Waterkist retained a naked possessory interest in the processing plant at the time the bankruptcy petition was filed. Even though the lease was terminated before the bankruptcy petition was filed, the City would have to bring an unlawful detainer action to regain possession. The Alaska courts would consider the equities of the situation before allowing the City to enforce the forfeiture of the lease term in the unlawful detainer action.
 

 The equities strongly favor Waterkist. Waterkist stands to lose its interest in over one million dollars in improvements. The City, on the other hand, is subject to a default of only $27,301.52 on a lease in which the cash payments are secondary to the improvements to the leased property and the benefits to the local economy which the City has received. Applying Alaska law, we conclude that Waterkist’s interest in the lease is not forfeited. The bankruptcy court correctly determined that Waterkist could assume the lease as a debtor-in-possession.
 

 AFFIRMED.