**In re Mitchell Lloyd KELLY, Debtor.**

**Martin L. McFEE, Plaintiff,**

**v.**

**Mitchell Lloyd KELLY, Defendant.**

**Bankruptcy No. 91–02900–C.**
**Adv. No. 91–0356–C.**

United States Bankruptcy Court,
N.D. Oklahoma.

May 1, 1992.

Brian J. Rayment, Tulsa, Okl., for plaintiff.

Robert A. Todd, Tulsa, Okl., for defendant.

Katherine Vance, Tulsa, Okl., Asst. U.S. Trustee.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Chief Judge.

### Statement of Facts

Prepetition, the Debtor, Mitchell Lloyd Kelly, shot the Plaintiff, Martin L. McFee, on October 30, 1988. On May 5, 1990, the District Court for Tulsa County convicted the Debtor of assault and battery with a deadly weapon in Criminal Case No. CRF–88–4407 ("Criminal Case"). The Debtor was placed on probation and ordered to pay $16,000.00 in restitution.

On October 25, 1990, the Plaintiff filed a state court action against the Debtor alleging negligence and requesting $250,000.00 in damages for injuries sustained because of the shooting ("Civil Case"). A cause of action for assault and/or battery was not included in the Civil Case.

On August 8, 1991, the Debtor filed for bankruptcy relief under Chapter 13. The case was converted to a Chapter 7 on October 1, 1991. The filing of the bankruptcy petition stayed the Civil Case. The Plaintiff filed a Proof of Claim for $250,000.00 for his injuries stating the basis of the claim as "Tort claim—assault," instead of negligence.

December 23, 1991, the Plaintiff filed an adversary proceeding seeking a determination that the debt alleged in the Civil Case is nondischargeable under 11 U.S.C. § 523(a)(6) and that the restitution ordered in the Criminal Case is nondischargeable under 11 U.S.C. § 523(a)(7). This matter comes before the Court upon the Debtor's Motion to Dismiss. It is axiomatic that a motion to dismiss admits all well pleaded facts. *Mitchell v. King,* 537 F.2d 385 (10th Cir.1976). The Plaintiff pleads allegations of a nondischargeable debt based upon a willful and malicious injury, i.e. assault.

11 U.S.C. § 523(a) states:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

### Arguments and Analysis

■ A negligence claim cannot be declared nondischargeable under 11 U.S.C. § 523(a)(6), which requires willful and malicious injury. The threshold issue for the Court is to identify the nature of the Plaintiff's claim. The Bankruptcy Code defines the "type" of claim a creditor holds. 11 U.S.C. § 101(12) defines "debt" as a "liability on a claim." "Claim" is defined, under 11 U.S.C. § 101(5)(A) as any "right to payment, whether or not reduced to judgment, ... unliquidated, ... contingent, ... unmatured, disputed ... or unsecured;" The Plaintiff's claim for $250,000.00 would be included in the quoted definition as of the date the Debtor filed his bankruptcy petition. Therefore, the type of claim Plaintiff holds is unliquidated, contingent, unmatured, disputed and unsecured.

12 O.S. § 95, states:

Civil actions other than those for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

Fourth. Within one year; an action for ... assault, battery, ... except where the statute imposing it prescribes a different limitation.

On the date the bankruptcy petition was filed, the Plaintiff had a claim against the Debtor for injuries sustained as a result of the shooting incident. At that time, the Plaintiff could have only pursued a negligence cause of action against the Debtor because an assault or battery cause of action was barred by the state's statute of limitations. Under 12 O.S. § 95 (Fourth.), the Plaintiff had to bring an assault or a battery cause of action against the Debtor within one year after the cause of action accrued. The cause of action accrued October 30, 1988 and was barred after October 30, 1989, one year before the Civil Case was filed and two years before the bankruptcy petition was filed. This is the reason the Plaintiff brought only a negligence cause of action against the Debtor in the state court Civil Case.

■ Generally, bankruptcy law prohibits a debtor or creditor from obtaining through the bankruptcy court what could not be obtained absent bankruptcy. *In re Waterkist*, 775 F.2d 1089, 1091 (9th Cir.1989) citing *Butner v. U.S.*, 440 U.S. 48, 50, 99 S.Ct. 914, 915–16, 59 L.Ed.2d 136 (1979); *In re Brandon Associates*, 128 B.R. 729, 733 (Bankr.W.D.Va.1991). Absent bankruptcy, the application of state law would limit the Plaintiff because 12 O.S. § 95 (Fourth.) bars the Plaintiff from claiming damages under an assault or battery theory.

In addition, under 11 U.S.C. § 502(a)

A claim or interest, proof of which is deemed filed under 501 of this title, is deemed allowed ...

(b) ... except to the extent that—

(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured; ...

Plaintiff's claim for assault in not allowed in bankruptcy. Because of the state's statute of limitations, Plaintiff's "claim is unenforceable against the debtor or property of the debtor, under ... applicable law for a reason other than because such claim is contingent or unmatured; ..."

The only "allowable" claim which Plaintiff holds is one for negligence. Black's Law Dictionary defines negligence as "that legal delinquency which results whenever a man fails to exhibit the care which he ought to exhibit, whether it be slight, ordinary, or great. It is characterized chiefly by inadvertence, thoughtlessness, inattention, and the like, while "wantonness" or "recklessness" is characterized by willfulness."

■ Under 11 U.S.C. § 523(a)(6), the Debtor must inflict "willful and malicious injury" to the Plaintiff. Black's Law Dictionary defines willful and malicious as follows:

**Willful.** A willful act may be described as one done intentionally, knowingly, and purposely, without justifiable excuse, as distinguished from an act done carelessly, thoughtlessly, heedlessly, or inadvertently. A willful act differs essentially from a negligent act. The one is positive and the other negative.

**Malicious act.** A wrongful act intentionally done without legal justification or excuse; an unlawful act done willfully or purposely to injure another.

By definition willful and malicious require something more than negligence. Each requires an intent to do harm, whereas negligence is characterized by "thoughtlessness."

This Court finds the nature of Plaintiff's claim, as of the date of the bankruptcy petition, is one of negligence. Any claim for assault or battery is not allowable under 11 U.S.C. § 502(b)(1) by reason of "applicable (state) law." Plaintiff's negligence claim cannot be declared nondischargeable under 11 U.S.C. § 523(a)(6), because it fails

to meet the requisite of "willful and malicious."

Finally, the Court notes that even if the debt were declared nondischargeable, as a result of a willful and malicious injury, the Plaintiff would only receive a hollow victory. Upon pursuit of the Civil Case against the Debtor, the Plaintiff would be met with a valid statute of limitations defense for assault and would not recover his claim. Therefore, declaring the debt nondischargeable makes no difference to the final outcome and is a useless procedure.

The Debtor was ordered to pay restitution of $16,000.00 in the Criminal Case. The parties have stipulated this sum is nondischargeable. The Court accepts this agreement of the parties. *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216.

For the reasons stated, the Debtor's Motion to Dismiss is partially granted and partially denied. A separate order will be entered consistent with this Memorandum Opinion.