**In re BOLL WEEVIL, INC., a California Corporation, Debtor.**

**Bankruptcy No. 96–01239–A11.**

United States Bankruptcy Court,
S.D. California.

Nov. 8, 1996.

John L. Smaha, Robert M. Swysgood, Smaha & Associates, San Diego, CA, for Debtor.

Kenneth E. Lange, Jamie J. Sternberg, Nostrand & Lange, San Diego, CA, for Movant Frank M. Torres.

Mary M. Testerman, Office of United States Trustee, San Diego, CA, U.S. Trustee.

## MEMORANDUM DECISION

LOUISE DeCARL, ADLER, Chief Judge.

Creditor, Frank M. Torres ("Torres") asserts entitlement to an administrative claim pursuant to 11 U.S.C. section 365(d)(3).[1] Specifically, Torres requests immediate payment of $30,787.09 which consists of: (1) unpaid rent from 1/29/96–4/29/96; (2) unpaid property taxes and penalties from 1/29/96–4/29/96; and (3) attorneys' fees and costs from 1/29/96–4/29/96.

## I.

### *FACTUAL SUMMARY*

Boll Weevil Inc., ("Boll Weevil") entered into a property lease with Torres in 1977 for property located at 1956 Bacon Street. Boll Weevil subleased the property to Bayou Platter, Inc. ("Bayou") around September of 1995. Under the terms of the sublease and the lessor's consent to sublease, Boll Weevil remained liable under the terms of the original lease.

In January 1996, Boll Weevil and Bayou failed to pay rent. On January 8, 1996, a three-day notice to pay rent or vacate possession of the property, which included an election of forfeiture, was served on Boll Weevil and Bayou. Boll Weevil and Bayou failed to pay rent due by the expiration date

---

1. Unless otherwise noted, all references herein to "section" refer to sections of the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

of the three-day notice. An unlawful detainer action was filed in municipal court on January 18, 1996. Boll Weevil filed its petition for reorganization on January 29, 1996, before the unlawful detainer proceeded to trial.

On March 19, 1996, this court granted Boll Weevil its first extension to April 18, 1996, to assume or reject the subject lease. (*See*, Order Providing Additional Time for Assumption or Rejection of Lease entered March 19, 1996). On April 18, 1996 Boll Weevil's request for a second extension to July 17, 1996 was heard and approved. (*See*, Order Extending Time to Assume or Reject Leases for Boll Weevil, Inc. entered May 7, 1996).

Then, Torres sought and obtained relief from stay to continue with the eviction proceeding. On April 29, 1996, Boll Weevil stipulated to judgment for possession on the day of trial. The municipal court ordered a forfeiture of the lease and granted possession of the property to Torres. Torres was awarded damages of $23,162.26 against Boll Weevil and Bayou, jointly and severally for rent from January 1, 1996 through April 29, 1996, minus credit for rent paid on April 9, 1996, plus amounts due under the Forbearance Agreement. Torres was also awarded unpaid real property taxes claimed for the 1995–1996 period.

## II.

### *ISSUE*

Whether a landlord who obtains a post-petition judgment on an unlawful detainer action filed pre-petition is entitled to a section 365(d)(3) claim from the petition date to the date the debtor's rights under California Code of Civil Procedure ("CCP") section 1179 expire.

## III.

### *DISCUSSION*

Bankruptcy Code section 365(d)(3) requires the trustee to perform all the obligations of the debtor under any unexpired lease of non-residential property until such lease is assumed or rejected. The trustee does not have to perform any obligations of a lease that has terminated under state law prior to the order of relief. Code § 365(d)(3). Bankruptcy law makes no distinction between the words "terminated" and "expired" with respect to leases. *See, Robinson v. Chicago Housing Authority*, 54 F.3d 316, 320 (7th Cir.1995).

Whether a lease terminates for purposes of section 365 is based on state law. *In re Windmill Farms, Inc.*, 841 F.2d 1467, 1469 (9th Cir.1988). In California, this involves a two part inquiry: First, whether the lease terminated before the bankruptcy petition was filed; second, whether the termination could have been reversed under California's anti-forfeiture provision. *Id.* at 1472. Under the first inquiry, a lessee's right to possession terminates upon expiration of a statutory three-day notice to quit which was properly served and states the election of forfeiture. *Id.* at 1470. In this case it is not disputed that the three-day notice expired on January 11, 1996. Boll Weevil contends that the lease terminated pre-petition and because Boll Weevil is not required to make a payment under an "expired" lease, Torres is not entitled to an administrative claim under 11 U.S.C. Section 365(d)(3).

If the lease has been terminated but the debtor moves to assume the lease; a second inquiry is made: Can the debtor succeed in reversing termination under CCP section 1179? *In re Windmill Farms, Inc.*, 841 F.2d at 1472. Torres argues that if Boll Weevil had the potential power to reverse termination by seeking relief from forfeiture and assume this lease, then it also had its obligations to timely perform as required by section 365(d)(3).

California Code of Civil Procedure section 1179 states:

> The Court may relieve a tenant against a forfeiture of a lease, and restore him to his former estate, in the case of hardship, where application for such relief is made within thirty days *after the forfeiture is declared by the judgment of the Court*, as provided in section one thousand one hundred and seventy-four.... (emphasis added).

The rationale for the second inquiry is to afford a debtor the same rights it had under state law without regard to its bankruptcy filing. *In re Waterkist Corp.*, 775 F.2d 1089, 1091 (9th Cir.1985); *In re Windmill Farms, Inc.*, 841 F.2d 1467, 1472 (9th Cir.1988). The second inquiry is inapplicable to these facts because Boll Weevil never moved to assume this lease and never filed an application under the anti-forfeiture provision.[2]

Finally, Torres argues that the reasoning of *In re Pacific–Atlantic Trading Co.* should control. 27 F.3d 401 (9th Cir.1994). The *Pacific–Atlantic* court held that since no other creditor is put in the same position as a landlord, the debtor is obligated to pay the full rent according to the lease regardless of the value conferred to the estate. *Id.* at 403. The facts in this case can be distinguished from *Pacific–Atlantic* as that case involved an unexpired lease. *Pacific–Atlantic* is inapplicable since the lease between Torres and Boll Weevil expired when the three-day notice lapsed on January 11, 1996.

This court finds that the date of termination is governed by what actions are taken in state court. To view it any other way, would be to elevate a landlord's claim under an expired lease to a section 365(d)(3) claim based on a hypothetical situation. Taking what transpired, although Boll Weevil had the *potential* right to seek relief under the anti-forfeiture provision up to 30 days after April 29, 1996 it did not actually exercise this right.

## IV.

### *CONCLUSION*

Boll Weevil failed to file an application for relief under California's anti-forfeiture provision. When the municipal court rendered its unlawful detainer judgment on April 29, 1996, the lease was deemed terminated as of the date the three-day notice expired on January 11, 1996. Since the lease was deemed terminated under California law pre-petition, Boll Weevil had no obligations under

section 365(d)(3). Therefore, this court holds that Torres is not entitled to administrative priority for the amounts requested under section 365(d)(3).

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. Counsel for Boll Weevil is directed to prepare an order in accordance with this Memorandum Decision within ten (10) days of the date of entry.

---

2. Although Torres argues that he is entitled to a section 365(d)(3) claim for the period ending with the expiration of Boll Weevil's CCP section 1179 rights, his argument is inconsistent with the relief he requests. Torres is seeking damages only for the period ending with the date of the judgment in the unlawful detainer proceeding. If Torres' argument were taken to its logical end, he should have requested rent for 30 days past the entry of judgment.