I, ARMSTRONG, Judge.
This is an appeal from a judgment sustaining an exception of no cause of action in a breach of contract case. The arguments of the parties’ briefs center around the issue of whether or not a contract clause, purporting to terminate the plaintiff-appellant’s limited partnership interest upon his filing for bankruptcy, could be waived by the defendant-appellee limited partnership. However, regardless of the merits of that issue, we believe that the plaintiffs petition did state a cause of action because of the patent possibility, and perhaps even probability, that the termination clause at issue is void and unenforceable as a matter of federal bankruptcy law. The parties did not argue the bankruptcy law issue in the trial court and so that issue was not considered by the trial court. Indeed, we might have declined to consider the bankruptcy law issue, as not having been raised in the trial court, but the legal standards for appellate review of judgments which sustain exceptions of no cause of action indicate that the better course is for us to consider the bankruptcy law issue on appeal. Thus, although the trial court committed no error as to the bankruptcy law issue, we must apply |2the federal bankruptcy law, and reverse the judgment sustaining the exception of no cause of action and remand for further proceedings.
Because this case was decided below on an exception of no cause of action, we accept as true, and recite here, the facts as alleged in the petition. E.g., Haspel & Davis Milling & Planting Co. Ltd. v. Board of Levee Commissioners, No. 95-0233 (La.App. 4th Cir. 9/4/96), 680 So.2d 159, 164, writ denied, No. 96-2430 (La.12/6/96), 684 So.2d 932. Prior to 1989, plaintiff-appellant Brewster G. Stalter, II, owned two limited partnership “units,” a sort of security or other property interest, in 700 South Peters Limited Partnership (“the Partnership”). Mr. Stalter filed for bankruptcy under the federal bankruptcy laws in 1989. The Partnership first began to make a profit in the tax year 1995. When, in 1996, the partnership began to distribute money to its limited partners, it refused to so distribute any money to Mr. Stalter. The Partnership took the position that, pursuant to Section 7.4(a) of the Partnership Agreement, Mr. Stalter’s limited partnership interest had terminated when and because he filed for bankruptcy in 1989. Section 7.4(a) of the Partnership Agreement, which is quoted in the petition, states:
In the event that any Limited Partner shall be adjudicated a bankrupt in voluntary proceedings or upon voluntary application for the adjudication in bankruptcy of any Limited Partner, or upon application by any Limited Partner for an assignment for the benefit of creditors or receivership or respite, then such Limited Partner’s Partnership Interest shall thereupon ipso facto terminate, but this Partnership shall not be terminated. Upon the termination of the Partnership Interest of any Limited Partner, as herein provided: (i) neither such Limited Partner nor any creditor or other person claiming through him shall have any right, title or interest whatsoever in any of the assets of the Partnership and shall be entitled only to receive and amount determined in accordance with Section 7.4(c); (ii) the provisions of Section 6.2(c) shall be followed until all or part of the Partnership |3Interest remains unpur- *588 chased by the Partners, in which case, the General Partner shall purchase or otherwise dispose of the remainder.
No other part of the Partnership Agreement, not even the subsections cross-referenced in Section 7.4(a), is quoted in or attached to the petition.
The Partnership argues that the “ipso fac-to” termination clause of Section 7.4(a) operates automatically, the instant a limited partner files for bankruptcy, and so cannot be waived. Mr. Stalter argues that the termination provided for in Section 7.4(a) is an ongoing process, that it can be waived, and that it has been waived in this instance.
However, we believe that a provision of the federal Bankruptcy Code is dispositive of this appeal. Although Mr. Stalter did not cite the Bankruptcy Code provision in his petition, or argue it below, the legal standards for appellate review of judgments maintaining exceptions of no cause of action indicate that we should err on the side of considering the bankruptcy legal theory:
In reviewing a trial court’s ruling sustaining an exception of no cause of action, the court of appeal and this [Supreme] court should subject the case to de novo review because the exception raises a question of law and the lower court’s decision is based solely on the sufficiency of the petition.... In appraising the sufficiency of the petition we follow the accepted rule that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.... The question therefore is whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. The petition should not be dismissed merely because the plaintiffs allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the petition to determine if the allegations provide for relief on any possible theory.
\iCity of New Orleans v. Board of Commissioners, No. 93-0690 (7/5/94), 640 So.2d 237, 253 (emphasis added). Accord Jackson v. Ferrand, No. 94-1254 (La.App. 4th Cir. 12/28/94), 658 So.2d 691, 692, writ denied, No. 95-0264 (La.3/24/95), 659 So.2d 496.
The bankruptcy statute in question states:
(e)(1) Notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the ease solely because of a provision in such contract or lease that is conditioned on—
(A) the insolvency or financial condition of the debtor at any time before the closing of the case;
(B) the commencement of a case under this title; or
(C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.
(2) Paragraph (1) of this subsection does not apply to an executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—
(A) (i) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to the trustee or to an assignee of such contract or lease, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and
(ii) such party does not consent to such assumption or assignment; or
(B) such contract is a contract to make a loan, or extend other debt financing or financial accommodations, to or for the benefit of the debtor, or to issue a security of the debtor.
1511 U.S.C. § 365(e) (emphasis added). See MTU of North America, Inc. v. Raven Marine, Inc., 603 So.2d 803, 811 (La.App. 1st Cir.1992) (automatic terminator clause in lease void under 11 U.S.C. § 365(e)(1)), writ *589 denied, 612 So.2d 55 (La.1993). As is readily apparent from the text of the statute, ipso facto termination clauses, triggered by the filing of a bankruptcy action, are generally unenforceable, but that general rule is subject to a number of exceptions.
One treatise summarizes the statute thus:
§ 5.04(b) Forfeiture Clauses
A forfeiture clause is one that provides for the forfeiture of the debtor’s interest either in property or under a contract or lease and is triggered by the commencement of a bankruptcy case, by the debtor’s financial condition, or by the appointment of a trustee or a receiver. Sometimes forfeiture clauses operate ipso facto, or automatically, either to prevent property from becoming property of the estate or to prevent the trustee from using, selling or assigning the property. Under other forfeiture clauses there is no automatic forfeiture, but the nondebtor party has the option of effectuating a forfeiture or otherwise modifying the debtor’s rights.
The Bankruptcy Code treats the subject of forfeiture clauses in Sections 363(i), 365(e) and (f), and 541(c). In general, these provisions render forfeiture clauses unenforceable during bankruptcy eases.
Under certain circumstances, however, forfeiture clauses can have an effect. Bankruptcy law will not revive a property interest, contract, or lease that has been completely terminated under such a clause before the filing of the bankruptcy case. (Of course, despite a forfeiture clause the contract or property right may still have some life left when the petition is filed because of an applicable state antiforfei-ture statute. See In re Waterkist Corp., 775 F.2d 1089 (9th Cir.1985).) Moreover, forfeiture clauses in specified kinds of ex-ecutory contracts may be effective to prevent assumption of a contract by the trustee or debtor in possession and may actually permit termination of the contract by the nondebtor party after the filing of the ^bankruptcy petition. See § 365(e), (e)(2). These special kinds of contracts include contracts to make a loan, to extend other debt financing or financial accommodations to or for the benefit of the debtor, or to issue a security of the debt- or. A forfeiture clause is also enforceable in the context of a so-called “personal contract” — 'that is, a contract as to which applicable nonbankruptcy law, independently of the contract provisions, excuses the nondebtor party from accepting performance from, or from rendering performance to, someone other than the debtor. By court interpretation this category seems to include, in addition to personal service contracts, any contract that, as a matter of nonbankruptcy law, is nontransferable irrespective of its provisions. In re Braniff Airways, Inc., 700 F.2d 935 (5th Cir.1983).
George M. Treister, et al., Fundamentals of Bankruptcy Law § 5/04 (6) (3d ed.1993). Whether the termination clause in this ease falls within any of the exceptions to the 11 U.S.C. § 365(e) prohibition cannot be determined without, at least, consideration of all relevant provisions of the Partnership Agreement. See generally Summit Investment and Development Corp. v. Leroux, 69 F.3d 608 (1st Cir.1995); In re Siegal, 190 B.R. 639 (Bkrtcy.D.Ariz.1996); In re Catron, 158 B.R. 624 (Bkrtcy.E.D.Va.1992); In re Nizny, 175 B.R. 934 (Bkrtcy.S.D.Ohio 1994). Based upon the limited allegations of the petition in this case, we cannot make a final determination of the applicability of 11 U.S.C. § 365(e) to this case. The issue must be addressed by trial or, perhaps, a motion for summary judgment, whereby all of the relevant facts can be considered.
For the foregoing reasons, we reverse the judgment of the trial court and remand for further proceedings.

REVERSED AND REMANDED.