view de novo claims of constitutional violations in immigration proceedings. *Lin v. Ashcroft,* 377 F.3d 1014, 1023 (9th Cir. 2004). We deny the petition for review.

We agree with the BIA's conclusion that Gonzalez–Oregon has not established prejudice from his prior counsel's alleged ineffective assistance. *See Iturribarria,* 321 F.3d at 901–02; *see also Lin,* 377 F.3d at 1027 (to demonstrate prejudice, a petitioner must demonstrate "plausible grounds for relief"). Accordingly, the BIA did not abuse its discretion in denying the motion to reopen. *See Iturribarria,* 321 F.3d at 903.

**PETITION FOR REVIEW DENIED.**

In the Matter of: **Donald Joseph DUCHARME, Debtor.**

**Donald Joseph Ducharme, Appellant,**

v.

**JR Capital Group, dba Sands Mobile Home Estates, Appellee.**

**No. 07–56409.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

 R.App. P. 34(a)(2).

Donald Joseph Ducharme, pro se.

Robin G. Eifler, Esquire, Dowdall Law Offices, Orange, CA, for Appellee.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Donald Joseph Ducharme appeals pro se from the decision of the district court affirming the bankruptcy court's order granting relief from the automatic stay to allow JR Capital Group ("JR") to enforce a state court unlawful detainer judgment entered against Ducharme prior to his filing for bankruptcy. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the district court's decision on an appeal from the bankruptcy court and review for an abuse of discretion the bankruptcy court's decision to grant relief from the automatic stay. *Benedor Corp. v. Conejo Enters. (In re Conejo Enters.)*, 96 F.3d 346, 351 (9th Cir.1996). We affirm.

■ The bankruptcy court did not abuse its discretion by granting relief from the automatic stay to allow JR to enforce a state court unlawful detainer judgment declaring the rental agreement between Ducharme and JR terminated and forfeited. *See* 11 U.S.C. § 362(d)(1) (allowing the bankruptcy court to grant relief from the stay for cause); *cf. City of Valdez v. Waterkist Corp. (In re Waterkist Corp.)*, 775 F.2d 1089, 1091 (9th Cir.1985) (explaining that a debtor may not assume a lease in bankruptcy that was terminated and forfeited under state law).

■ We are unpersuaded by Ducharme's contention that the order relieving JR from the automatic stay was invalidated upon approval of his chapter 13 plan because nothing in the approved plan addressed the rental agreement.

■ We decline to dismiss this appeal as moot because JR has failed to establish there is no effective relief remaining. *See Suter v. Goedert*, 504 F.3d 982, 986 (9th Cir.2007) ("[T]he party asserting mootness has the heavy burden of establishing that there is no effective relief remaining for the court to provide.") (internal citation and quotation marks omitted).

JR's and Ducharme's requests for judicial notice are denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.