MEMORANDUM **
Donald Joseph Ducharme appeals pro se from the decision of the district court affirming the bankruptcy court’s order granting relief from the automatic stay to allow JR Capital Group (“JR”) to enforce a state court unlawful detainer judgment entered against Ducharme prior to his filing for bankruptcy. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the district court’s decision on an appeal from the bankruptcy court and review for an abuse of discretion the bankruptcy court’s decision to grant relief from the automatic stay. Benedor Corp. v. Conejo Enters. (In re Conejo Enters.), 96 F.3d 346, 351 (9th Cir.1996). We affirm.
The bankruptcy court did not abuse its discretion by granting relief from the automatic stay to allow JR to enforce a state court unlawful detainer judgment declaring the rental agreement between Duc-harme and JR terminated and forfeited. See 11 U.S.C. § 362(d)(1) (allowing the bankruptcy court to grant relief from the stay for cause); ef. City of Valdez v. Waterkist Corp. (In re Waterkist Corp.), 775 F.2d 1089, 1091 (9th Cir.1985) (explaining that a debtor may not assume a lease in bankruptcy that was terminated and forfeited under state law).
We are unpersuaded by Duc-harme’s contention that the order relieving JR from the automatic stay was invalidated upon approval of his chapter 13 plan because nothing in the approved plan addressed the rental agreement.
We decline to dismiss this appeal as moot because JR has failed to establish there is no effective relief remaining. See Suter v. Goedert, 504 F.3d 982, 986 (9th Cir.2007) (“[T]he party asserting mootness has the heavy burden of establishing that there is no effective relief remaining for the court to provide.”) (internal citation and quotation marks omitted).
JR’s and Ducharme’s requests for judicial notice are denied.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.